## (April 20, 1970)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND ELDRIDGE and PAUL WILSON, Appellants.— GREENBLOTT, J. Appeal from judgments of the County Court of St. Lawrence County rendered August 25, 1966, upon verdicts convicting the defendants of the crime of grand larceny in the first degree. The several issues raised by the appellants have been examined and found to be without merit. The contention that judgments should be reversed solely because of unreasonable delay in furnishing a transcript of trial minutes as required by section 456 of the Code of Criminal Procedure, has been previously considered by this court and rejected. (See *People* v. *Porter,* 19 A D 2d 928, affd. 14 N Y 2d 785; *People* v. *Josey,* 19 A D 2d 660.) Only if the trial transcript cannot be made available, preventing perfection of the appeal, will we reverse and direct a new trial (*People* v. *Boone,* 22 A D 2d 982). Since the transcript is now available and appellants have been able to perfect their appeal, this ground is unavailable. It should also be observed that the appellants have been at liberty upon a certificate of reasonable doubt during the pendency of this appeal. Likewise, we find no basis in the contention that the prosecution failed to prove appellants' guilt beyond a reasonable doubt. The indictment charged that appellants stole about 3,000 pounds of copper worth more than $900 from the Reynolds Metal Company in Massena on May 19, 1965 at about 7:00 P.M. A foreman at Reynolds' Massena plant testified that on May 17, 1965, he noticed that a quantity of copper tabs which had been stored in his shop was missing. A search located a quantity of tabs concealed at the plant's dump. A

watch was placed on the tabs at the dump. A plant guard testified that he observed the copper in the dump at about 5:00 P.M. on May 19 when he locked the gate. At about 7:00 P.M., defendants in a pick-up truck, secured the key to the dump entrance and went into the dump for about an hour. When they left the dump, the copper was gone. The guard stated that no other person or vehicle went in or out of the gate between 5:00 P.M. and 8:00 P.M. Bisnet, a scrap dealer in Potsdam, testified that sometime after 8:30 P.M. on the 19th, appellants arrived at his place of business and delivered 3,240 pounds of copper tabs of the same type as those missing, for which he paid appellant Eldridge $907 in cash. Nor is there insufficient evidence of criminal intent. In addition to the testimony that company regulations require employees seeking to remove discarded or scrap material from the plant to secure prior written approval and purchase it, evidence of criminal knowledge and intent consisted of Eldridge's later admission to Bisnet that the copper was "hot". The remainder of appellants' contentions have been examined and are found to be without merit. Judgments affirmed. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J.