## (November 28, 1975)

■ In the Matter of ERNEST LL, Appellant, v ROSEMARY LL, Respondent.

—Appeal from an order of the Family Court, Sullivan County, entered July 18, 1975, which awarded custody of the parties' children to the respondent wife. In this custody proceeding there was an extended trial, with some 14 persons being called as witnesses. The minutes of the trial were not transcribed by an official court reporter and, by the parties' own admissions, the transcript is not representative of the actual statements made on the record and is replete with errors and omissions. The transcript is the only part of the record on appeal that establishes what actually transpired during a trial. Since an appellate court does not ordinarily consider matters outside the record, the Trial Judge and the parties must be careful to insure that the transcript reflects all matters which they might wish to urge on appeal and is not deficient or incomplete in any way. Ordinarily, any errors, omissions or deficiencies in the transcript may be corrected either by an agreement of the parties to amend the transcript or by settlement of the transcript by the Trial Judge (CPLR 5525; 22 NYCRR 800.19). Here, it appears that neither agreement nor settlement can cure the numerous errors, mistakes and omissions in the transcript. The question of custody is ordinarily a matter of discretion for the trial court so long as there is a sound and substantial basis for the determination *(Matter of Darlene T.,* 28 NY2d 391, 395). As a result of the deficiencies in the present transcript, however, we cannot fairly assess the basis of the Trial Judge's determination. Meaningful appellate review is, therefore, impossible. Accordingly, the order appealed from must be reversed and a new trial ordered (see, *Esposito v Herrschaft,* 13 AD2d 656). Judgment reversed, on the law, without costs, and a new trial ordered. Sweeney, J. P., Kane, Koreman, Main and Larkin, JJ., concur.