(March 24, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO DI ROSE, Appellant.—Casey, J. P. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered September 27, 1985, upon a verdict convicting defendant of the crime of grand larceny in the third degree.

Defendant was convicted of grand larceny in the third degree after a jury trial and sentenced as a second felony offender to an indeterminate term of 2 to 4 years' imprisonment. It appears that on June 1, 1985, a man entered the jewelry department of Service Merchandise, a catalogue showroom store in the Village of Johnson City. The jewelry manager, Kathleen Ceklynski, spent about 15 to 20 minutes in casual conversation with the man and approved a check which he presented in payment for a necklace worth $799. The check, written on the account of Rico De Rosa in the amount of $852.79, was submitted by Service Merchandise to the drawee bank on two occasions and returned by the bank because defendant's checking account had insufficient funds to cover the check. Defendant was subsequently arrested and indicted for grand larceny in the third degree.

At trial, Ceklynski identified defendant as the man who had written and presented the check in dispute. A handwriting expert was of the opinion that defendant had signed the check and that, with the exception of four checks, all the other checks written on defendant's account had the same characteristics as the one in question.

On this appeal, defendant first contends that County Court improperly invaded the province of the jury in its charge by implying that the People had established, as a matter of fact,

that defendant had been identified as the perpetrator who wrote the dishonored check. He next argues that County Court improperly denied his motion for a trial order of dismissal on the ground that the People had failed to establish a legally sufficient case that defendant had the requisite knowledge of insufficient funds at the time the check was drawn. Finally, defendant contends that the interest of justice requires a reduction of his sentence because the penal statutes have since been restructured and would currently impose a lesser sentence for the crime of which he was convicted. The arguments of defendant for reversal of his conviction or a reduction in the sentence imposed are not persuasive.

As to defendant's contention that County Court's charge improperly invaded the province of the jury, we note that defendant failed to object to the charge (see, CPL 470.05 [2]; 470.15 [1]), and we see nothing in the charge which would require our intervention in the interest of justice (see, CPL 470.15 [6] [a]). Contrary to defendant's argument, the charge, as a whole, clearly informed the jury that the question of whether defendant was the person who committed the larceny charged in the indictment was an issue to be resolved and that resolution of that issue was for the jury.

Defendant's claim of legal insufficiency of the evidence is based upon a lack of direct proof that he knew his account had insufficient funds to cover the check (see, Penal Law § 155.05 [2] [c]; § 190.05 [1]). Since it is undisputed that the check in question was written at a time when the account had insufficient funds to cover the check, defendant "is presumed to know of such insufficiency" (Penal Law § 190.10 [1]). While this presumption "is rebuttable and remains only so long as there is no substantial evidence to the contrary" (People v Will, 289 NY 413, 414), we find nothing in the record sufficient to rebut the presumption.

Concerning defendant's request for a reduction in his sentence on the ground that the statute was subsequently altered to reduce the grade of the crime of which he was convicted, we note that the alteration was not made retroactive and the value of the stolen property was close to the current $1,000 limit. Considering defendant's long criminal record and the value of the property stolen, defendant has shown "neither an abuse of discretion nor extraordinary circumstances meriting a reduction of the sentence" (People v Stripling, 136 AD2d 772, 773).

Judgment affirmed. Casey, J. P., Yesawich, Jr., Harvey and Mercure, JJ., concur.