OPINION OF THE COURT
Ira B. Harkavy, J.
Plaintiffs move for an order declaring a mistrial in the above-entitled action and ordering a new trial.
The within action for personal injuries allegedly sustained by plaintiff Willie Tucker was tried before the undersigned and a jury on November 13, 14, and 15, 1989. At the conclusion of the plaintiffs’ case the court granted defendant’s motion to dismiss the plaintiffs’ case. Thereafter, plaintiffs filed a notice of appeal, ordered the trial transcript and attempted to settle the record in order to perfect the appeal.
A review of the transcript by plaintiffs’ attorney revealed that the final portion of the trial, specifically the defendant’s *101 motion to dismiss and all of the legal arguments relating thereto, was absent from the transcript. Further, the transcript as a whole was incomprehensible and did not accurately reflect what had occurred during the trial.
Plaintiffs’ attorney and defendant’s attorney attempted to make corrections but were unable to do so. In a final attempt to save the record plaintiffs’ attorney sought the assistance of the court. At the request of the court, the court reporter agreed to retype the transcript. Unfortunately, a review of the second, retyped transcript by the attorneys and the court revealed the same problem as had existed in the first typed transcript.
The court is confident that the attorneys in this case did make a good-faith effort to rehabilitate the record but said task could not be accomplished. As a result, plaintiffs have been unable to perfect their appeal.
CCA article 17 provides the rules governing appeals from the New York City Civil Court. CCA 1703 provides, "Practice and procedure on appeals shall be as provided in article 55 of the CPLR except insofar as this act or the rules of this court consistent with this act otherwise provide.” While CCA 1704 provides for "Settlement of case and return on appeal”, CPLR 5525 provides for settlement of transcript and reads in relevant part: "(c) * * * 1. Within fifteen days after receiving the transcript from the court reporter or from any other source, the appellant shall make any proposed amendments and serve them and a copy of the transcript upon the respondent. Within fifteen days after such service the respondent shall make any proposed amendments or objection to the proposed amendments of the appellant and serve them upon the appellant. At any time thereafter and on at least four days’ notice to the adverse party, the transcript and the proposed amendments and objections thereto shall be submitted for settlement to the judge or referee before whom the proceedings were had if the parties cannot agree on the amendments to the transcript. The original of the transcript shall be corrected by the appellant in accordance with the agreement of the parties or the direction of the court and its correctness shall be certified to thereon by the parties or the judge or referee before whom the proceedings were had.”
The rules, however, do not provide a solution to a situation such as the one at hand, where a trial transcript cannot be settled despite a diligent effort to do so in accordance with the *102 CPLR. Some guidance can be found in Siegel, NY Prac (§ 537, at 846 [2d ed]): "[T]he transcript [is] a key item [for an appeal]. If it is deficient, or if an unsettled transcript is so replete with errors and omissions as to be uncorrectible * * * the court may * * * remand the case for a whole new trial.” (See, Matter of Ernest LL v Rosemary LL, 50 AD2d 706 [3d Dept 1975].) Siegel further comments (op. cit, § 538, at 846), "The record must be adequate for appellate review of whatever it is that is being questioned. Even a stipulation by all parties, approving the record, will not earn appellate review if the record is found inadequate. The appeal in such a case is likely to be stricken from the appellate calendar.” (See, Guarnacci v Ferguson, 29 AD2d 839 [4th Dept 1968].)
In light of the fact that there can be no meaningful appellate review herein, plaintiffs’ motion is granted to the extent that the judgment dismissing the complaint is vacated and a new trial is ordered.
This matter is restored to the Trial Term Part I Calendar on May 4, 1992.