OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the case remitted to County Court, Sullivan County, for further proceedings in accordance with this memorandum. As to *827 counts one and two of the indictment, there should be a new trial. Defendant’s plea of guilty to count three in satisfaction of counts three and four of the indictment should be vacated and further proceedings had on those counts of the indictment.
Defendant was convicted, following a jury trial, of counts one and two of an indictment, burglary in the second degree and criminal possession of stolen property in the first degree. Following that trial defendant pleaded guilty to count three of the indictment in satisfaction of counts three and four, which had been severed from counts one and two.
Prior to trial defendant moved to suppress physical evidence, a motion which was denied. Before the end of the suppression hearing, defendant, an indigent, requested a free transcript of the suppression hearing, "a fundamental constitutional right” (People v West, 29 NY2d 728, 729; People v Sanders, 31 NY2d 463). Subsequently, in two letters the County Court was informed of the request. No transcript was provided either before the court rendered its decision on the motion to suppress or prior to trial which took place some eight months after the suppression hearing. Forcing the defendant to trial without the transcript was error. Irrespective of the facts here, the better practice, as the Appellate Division concluded, is to put on the record at the suppression hearing that a transcript has been ordered.
Acting Chief Judge Simons and Judges Kaye, Titone, Hancock, Jr., Bellacosa and Smith concur in memorandum.
Order reversed, etc.