██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH W. PILLICH, Appellant. (Appeal No. 1.) [617 NYS2d 607] —Judgment unanimously affirmed. Memorandum: We reject the contention that the single count of the indictment charging defendant with grand larceny in the third degree is duplicitous *(see,* CPL 200.30 [1]; *People v Davis,* 72 NY2d 32, 38) because it charges him with both larceny by false pretenses (Penal Law § 155.05 [2] [a]) and larceny by false promise (Penal Law § 155.05 [2] [d]). The People are not required to allege "the particular theory of larceny" in the indictment (Penal Law § 155.45 [1]; *see, People v Farruggia,* 41 AD2d 894), and Supreme Court, as trier of the facts, was entitled to consider the proof supporting both theories under the single count of the indictment *(see, People v Cannon,* 194 AD2d 496, *lv denied* 82 NY2d 715).

Defendant was not deprived of a fair trial when the court entertained an application for an order to show cause in a related civil proceeding *(see, People v Brown,* 24 NY2d 168). The evidence, viewed in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), is sufficient to support the conviction, and the verdict is not contrary to the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Grand Larceny, 3rd Degree.) Present—Denman, P. J., Green, Fallon, Callahan and Boehm, JJ.