■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDY J. LA MOTTE, Appellant. [714 NYS2d 562] —Spain, J. Appeal from an order of the County Court of Clinton County (McGill, J.), entered November 9, 1999, which settled the transcript of the proceedings.

Defendant was convicted following a jury trial of coercion in

the first degree, menacing in the second degree, attempted assault in the third degree, possession of a weapon in the fourth degree and endangering the welfare of a child. During the pendency of defendant's appeals to this Court from the judgment of conviction and from the denial of his postjudgment motion made pursuant to CPL article 440, defendant moved to settle the transcript of the proceedings proposing a number of amendments to alleged errors in the transcript. The People consented to most of the defense's proposed amendments but objected to the remainder on the ground that, *inter alia*, they sought to insert language in place of natural pauses in the witnesses' testimony rather than correct inaccuracies in the transcript. At the ensuing settlement hearing, County Court directed that the transcript be settled with the agreed-upon corrections unless defendant submitted an explanation of how the remaining inaccuracies or omissions he alleged were relevant to potential issues to be raised on appeal. When defendant failed to tender the requested submission, County Court accepted those amendments agreed to by the parties and deemed the transcript settled. Defendant appeals.

Any errors or deficiencies in the transcript which are not remedied by the consent of the parties may be settled by the trial court (*see*, CPLR 5525 [c]), which is the final arbiter of the record (*see*, *People v Alomar*, 93 NY2d 239, 247). This Court may, *inter alia*, remit the matter for a new trial if it finds that the transcript is so replete with inaccuracies or omissions as to preclude adequate review of the issues being raised on appeal (*see*, *Matter of Ernest LL v Rosemary LL*, 50 AD2d 706, 707; *Tucker v City of New York*, 154 Misc 2d 100; *see also*, *People v Rivera*, 39 NY2d 519; *Matter of Department of Social Servs. [R. Children] v Waleska M.*, 195 AD2d 507, 508, *lv denied* 82 NY2d 660).

Upon our review, we reject defendant's contention that the remaining identified omissions in the transcript render it so inaccurate and/or unreliable that adequate review of the issues to be raised by defendant on his appeals will be precluded (*see*, *Matter of Department of Social Servs. [R. Children] v Waleska M.*, *supra*; *compare*, *People v Rivera*, *supra*). The People consented to most of the amendments proposed by defendant, and defendant has failed to identify any appealable issues that relate either to the remaining proposed amendments or to the remaining undecipherable lines, words and phrases scattered throughout the transcript which he has underscored (*see*, *People v Rivera*, *supra*, at 523; *see also*, *People v Glass*, 43 NY2d 283). Under these circumstances we find no abuse of County Court's

discretion in its adoption of those amendments agreed to by the parties and its settlement of the corrected transcript (*see,* CPLR 5525 [c]; *People v Hoppe,* 239 AD2d 777; *People v Hummer,* 217 AD2d 713, *lv denied* 86 NY2d 843) and, therefore, the order is affirmed.

Cardona, P. J., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed.