◼ The People of the State of New York, Respondent, v Steven Gibbs, Appellant. [720 NYS2d 263] —Peters, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered September 7, 1999, convicting defendant upon his plea of guilty of the crime of aggravated harassment of an employee by an inmate.

On November 9, 1998, defendant was indicted for the crimes of promoting prison contraband and aggravated harassment of an employee by an inmate. The charges stemmed from an incident which occurred on September 14, 1998 at Great Meadow Correctional Facility in Washington County. The trial, which began on July 20, 1999, ceased when defendant entered an *Alford* plea to the crime of aggravated harassment of an employee by an inmate. Defendant was thereafter sentenced as a second felony offender to a term of imprisonment of 1½ to 3 years which was to run consecutively with his current sentence. Defendant appeals and we affirm.

Defendant's assertion that his right to due process under the Fourteenth Amendment of the US Constitution (*see*, US Const,

14th Amend, § 1) was violated by a three-month, seven-day delay in providing his counsel with a four-volume trial transcript is wholly without merit. Were we to find an unreasonable delay, it would not constitute a basis for reversal (*see, People ex rel. Nicholas v Mantello*, 187 AD2d 849; *People v Eldridge*, 34 AD2d 693).

Nor do we find a violation of defendant's constitutional right to a speedy trial. The record reveals that the People announced their readiness for trial at defendant's arraignment on December 22, 1998 in satisfaction of CPL 30.30 (1) (a), rather than on May 4, 1999 as alleged by defendant. While defendant further alleges that his ability to ascertain his mental condition at the time of the incident was prejudiced by the pretrial delay between the filing of the indictment on November 9, 1998 and the hearing on May 4, 1999 where County Court denied his motion to dismiss, we find no infringement of constitutional dimension (*see, People v Taranovich*, 37 NY2d 442, 445).

Turning to the sentence, we recognize that our review power is not constrained by a negotiated plea. Finding no abuse of discretion or extraordinary circumstances warranting a reduction in the interest of justice (*see, People v Mackey*, 136 AD2d 780, *lv denied* 71 NY2d 899), despite defendant's history of mental illness and substance abuse (*see, People v Greene*, 274 AD2d 842; *People v Addison*, 252 AD2d 597), we affirm.

Cardona, P. J., Mercure, Crew III and Rose, JJ., concur. Ordered that the judgment is affirmed.