■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WATSON, Appellant. [728 NYS2d 9] —Judgment, Supreme Court, Bronx County (Robert Seewald, J.), rendered April 16, 1998, convicting defendant, after a jury trial, of grand larceny in the third degree and criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years and 2 to 4 years,

respectively, and ordering him to make restitution, and order, same court and Justice, entered February 19, 1999, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment, unanimously affirmed.

Where the grand larceny count of the indictment did not specify a theory of larceny, and the court instructed the jury as to the theories of larceny by false promise and false pretense, the court properly determined that there was no basis for submission of a special verdict sheet distinguishing between these two theories. A conviction of larceny, whether by false promise or false pretense, constitutes only one offense (Penal Law § 155.45 [1]; *People v Ponnapula*, 229 AD2d 257, 273; *People v Pillich*, 207 AD2d 1004, *lv denied* 84 NY2d 938). Thus, juror unanimity is not required as to the particular method by which the larceny was committed (*People v Sullivan*, 173 NY 122, 127; *People v Ponnapula, supra*). Accordingly, there was no basis upon which to submit a special verdict sheet (*compare, People v Ribowsky*, 77 NY2d 284, 290-291). Defendant's claims that submission of a verdict sheet that failed to require unanimity as to a specific theory of larceny violated his constitutional due process rights and the statutory prohibition of duplicitous counts are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the grand larceny count was not duplicitous (*People v Ponnapula, supra*), and that there is nothing in *Schad v Arizona* (501 US 624) that would require reversal.

Defendant's claim that the two offenses with which he was charged were improperly joined in a single indictment is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that joinder was proper under CPL 200.20 (2) (b) since the proof regarding the offenses was interwoven and the same testimony and evidence were probative of both crimes.

Summary denial of defendant's CPL 440.10 motion was proper since it raised issues that may be reviewed on direct appeal (*see,* CPL 440.10 [2] [b]). Denial of defendant's motion insofar as it alleged prosecutorial misconduct and impairment of the Grand Jury proceedings was an appropriate exercise of discretion since the motion was made upon conclusory and otherwise unsupported claims (*People v Brown*, 56 NY2d 242). Concur—Rosenberger, J. P., Williams, Tom, Wallach and Friedman, JJ.