(November 12, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAXIMELLA CAMERMAN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETIK MALAKOV, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYA MALAKOV, Appellant. [748 NYS2d 864] —Judgments, Supreme Court, New York County (Bruce Allen, J.), rendered December 14, 2000, convicting defendant Maximella Camerman, after a jury trial, of grand larceny in the third degree, and sentencing her to a conditional discharge, convicting defendant Petik Malakov, after the same jury trial, of grand larceny in the third degree and resisting arrest, and sentencing him to a term of five years probation, a $2,000 fine and $10,900 in restitution on the grand larceny conviction and a conditional discharge on the resisting arrest conviction, and convicting defendant Raya Malakov, after the same jury trial, of resisting arrest, and sentencing her to a conditional discharge, unanimously affirmed.

Defendants Maximella Camerman's and Petik Malakov's challenges to the sufficiency of the evidence supporting the grand larceny charges are unpreserved and we decline to review them in the interests of justice. Were we to review these claims, we would find that the only reasonable inference that could be drawn from evidence properly credited by the jury is that these defendants intended to misappropriate the victim's diamond ring and never intended to hold the ring as collateral. Accordingly, the People established that these defendants were guilty of larceny by false promise (*see People v Norman*, 85 NY2d 609). We further find that the verdict was not against the weight of the evidence.

The court properly denied defendants' motion for a mistrial based on jury misconduct, since the court conducted a thorough inquiry, dismissed the offending juror and determined that the juror's misconduct did not taint any other jurors (*see People v Summers*, 250 AD2d 412, *lv denied* 92 NY2d 931). Even if some of the jurors should have informed the court more quickly than they did about the offending juror's conduct, there was no prejudice to defendants or any indication that any of these jurors were prevented from deliberating fairly.

The challenged portions of the prosecutor's summation were generally responsive to the defense summation and fair comment on the evidence, and did not deprive defendants of a fair trial (*see People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Concur—Williams, P.J., Nardelli, Mazzarelli, Marlow and Gonzalez, JJ.