THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM TIGHE, Appellant. [768 NYS2d 871]—

Appeal from a judgment of Yates County Court (Falvey, J.), entered June 19, 2001, convicting defendant after a jury trial of grand larceny in the third degree and peddling and soliciting (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, grand larceny in the third degree (Penal Law § 155.35) on theories of false pretenses and false promise (*see* § 155.05 [2] [a], [d]). The judgment is not subject to summary reversal as a consequence of any delay in furnishing transcripts to appellate counsel (*see People v Gibbs,* 280 AD2d 698, 698-699 [2001], *lv denied* 96 NY2d 829 [2001]; *People ex rel. Nicholas v Mantello,* 187 AD2d 849 [1992]; *People v Eldridge,* 34 AD2d 693 [1970]). The first count of the indictment was not duplicitous (*see generally* CPL 200.30 [1]; *People v Davis,* 72 NY2d 32, 38 [1988]) by virtue of the fact that it might

have been interpreted as alleging both larceny by false pretenses and larceny by false promise (*see People v Watson,* 284 AD2d 212, 213 [2001], *lv denied* 97 NY2d 643 [2001]; *People v Pillich,* 207 AD2d 1004 [1994], *lv denied* 84 NY2d 938 [1994]; *People v Cannon,* 194 AD2d 496,498-499 [1993], *lv denied* 82 NY2d 715 [1993]). Further, the People may in a single count of larceny aggregate amounts allegedly stolen by defendant from a single victim pursuant to a " 'single intent and one general fraudulent plan,' " even one "carried out in successive stages" over a period of time (*People v Rossi,* 5 NY2d 396, 400-401 [1959]; *see People v Rosich,* 170 AD2d 703 [1991], *lv denied* 77 NY2d 1000 [1991]; *see also People v Perlstein,* 97 AD2d 482, 484 [1983]). County Court did not err in failing to instruct the jury that unanimity was required on the theories of false pretenses and/or false promise in order to find defendant guilty of grand larceny. Juror unanimity is not required with respect to the particular method by which the larceny was committed (*see Watson,* 284 AD2d at 213; *People v Ponnapula,* 229 AD2d 257, 273 [1997]).

The record supports the court's determination that defendant had not been placed under arrest at the time he made his statements to police (*see People v Hyla,* 291 AD2d 928 [2002], *lv denied* 98 NY2d 652 [2002]; *People v Corniel,* 258 AD2d 812, 814 [1999], *lv denied* 93 NY2d 968 [1999]; *People v Gonzalez,* 246 AD2d 555 [1998], *lv denied* 91 NY2d 1007 [1998]). In any event, the record of the suppression hearing establishes that, before transporting defendant to the police station, police had reasonable cause to believe that defendant had violated a village ordinance in their presence, thus warranting his arrest (*see* CPL 140.10 [1] [a]; Penal Law § 10.00 [1], [3]; *see also People ex rel. Johnson v New York State Div. of Parole,* 299 AD2d 832, 834 [2002], *lv denied* 99 NY2d 508 [2003]; *People v Taylor,* 294 AD2d 825 [2002]; *People v Pantusco,* 107 AD2d 854, 855-856 [1985]).

The evidence is legally sufficient to support the conviction of grand larceny and the verdict is not against the weight of the evidence (*see People v Camerman,* 299 AD2d 174 [2002]; *People v Wachulewicz,* 295 AD2d 169, 169-170 [2002], *lv denied* 98 NY2d 732 [2002]; *People v Collins,* 273 AD2d 802, 803 [2000], *lv denied* 95 NY2d 933 [2000]; *see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). We have considered defendant's remaining contentions and conclude that they are without merit. Present—Pine, J.P., Wisner, Kehoe, Gorski and Lawton, JJ.