■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN MARMULSTEIN, Appellant. [775 NYS2d 405]—

Spain, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered May 23, 2002 in Albany County, upon a verdict convicting defendant of the crimes of burglary in the second degree and criminal possession of stolen property in the fifth degree.

Following a jury trial, defendant was convicted of burglary in the second degree and criminal possession of stolen property in the fifth degree for his unlawful invasion of a home on Morris

Street in the City of Albany on June 22-23, 2000, while the homeowners were out of town, and for his criminal possession—shortly after the burglary—of a silver bracelet, a pin and CDs taken from this same home. Sentenced upon his convictions as a second felony offender to concurrent terms of imprisonment, the maximum of which is 15 years to life, defendant now appeals raising various contentions, none of which have merit.

The proof at trial included identification testimony from various persons affiliated with two businesses located in Albany, a limousine service and a deli, to whom defendant sold or gave as collateral for a loan property taken from the burglarized home. The owners of the home testified that their missing property included a jewelry collection, CDs, two TVs, a VCR and a stereo, and were able to identify the jewelry and CDs recovered by police. Defendant's friend of 20 years, whose apartment was just doors away from the burglarized residence, testified that on the evening of June 22, 2000, he saw defendant in the vicinity and, shortly thereafter, defendant came to his apartment, where defendant had also been staying, holding a TV and VCR wrapped in a white bed sheet; when asked where he got them, defendant remarked that he had "hit the jackpot." The testimony of another friend staying at the same apartment established that, later that night, defendant asked him for a ride so he could sell jewelry, purportedly from his grandmother. The friend gave him a ride to a limousine service the next day and, after defendant came out, he stated that he had sold some of the jewelry.

Defendant's initial claim is that the evidence was legally insufficient to establish his identity as the perpetrator of the burglary. Viewing the evidence in a light most favorable to the People and according them the benefit of every favorable inference, we disagree, finding that a rational trier of fact could have found the essential elements of this crime beyond a reasonable doubt (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Contes*, 60 NY2d 620, 621 [1983]).[1] As relevant, a "person is guilty of burglary in the second degree when he [or she] knowingly enters or remains unlawfully in a building with the intent to commit a crime therein, and when . . . [t]he building is a dwelling" (Penal Law § 140.25 [2]). Here, shortly after the burglary, defendant appeared just doors away from the burglarized

---

1. To reiterate, the "moral certainty" standard—upon which defense counsel's appellate brief places considerable emphasis—is the standard to be applied *by the factfinder* in cases involving purely circumstantial evidence, and is not the proper standard of *appellate review* of the legal sufficiency of the trial evidence (*see People v Wong*, 81 NY2d 600, 607 [1993]; *People v Alston*, 1 AD3d 627, 629 [2003], *lv denied* 1 NY3d 594 [2004]).

home with electronic items similar to those taken, wrapped in a bed sheet, declaring that he had "hit the jackpot," and only hours later was in possession of jewelry, including one of the stolen rings, seeking transportation to sell it. Also, in the days after the burglary, defendant possessed and either sold or gave as collateral items taken from the home to people who knew him or were able to identify him. We find that the evidence of defendant's exclusive, unexplained possession of recently stolen property, combined with the other proof adduced, was legally sufficient to establish beyond a reasonable doubt defendant's identity as the thief and to support the burglary conviction (*see People v Baskerville*, 60 NY2d 374, 382-383 [1983]). Defendant's lack of permission or authority to enter this dwelling was established by the homeowners' testimony, and his intent to commit a crime therein was readily inferable (*see People v Thornton*, 4 AD3d 561 [2004]; *People v Moore*, 285 AD2d 827, 828 [2001], *lv denied* 97 NY2d 685 [2001]).

Next, defendant contends that Supreme Court erred in permitting the deli manager to testify that, as collateral for a loan, defendant gave him three rings, later turned over to police and identified at trial by one of the homeowners as having been stolen from their home. Defendant argues that this constituted evidence of uncharged crimes—namely, his criminal possession of these rings[2]—and that he was entitled to a pretrial *Molineux*-type hearing. However, while the suppression court (Lamont, J.) in its omnibus decision granted defendant's request for such a hearing before the trial court, and defense counsel briefly indicated at the end of the *Wade* hearing his intent to address this issue, there is no record evidence that defense counsel ever requested a *Molineux* hearing or objected to any of the testimony on this ground. Thus, these claims are unpreserved (*see* CPL 470.05 [2]). Addressing them in the interest of justice, we find no error, as the evidence of defendant's possession of the rings stolen in this burglary was relevant and admissible regarding his identity as the perpetrator of the burglary and his criminal intent in unlawfully entering this dwelling (*see* Penal Law § 140.25 [2]; *see also People v Alvino*, 71 NY2d 233, 241-242 [1987]).

We also reject defendant's contention that Supreme Court's charge to the jury regarding the permissible inference from recent and exclusive possession of stolen property contained an

---

**2.** The March 2001 indictment which charged defendant with second degree burglary had also charged criminal possession of stolen property related to possession of these rings. That possession count was dismissed on statutory speedy trial grounds prior to the trial.

error which resulted in the court acting as the factfinder. At defense counsel's request, the court provided a prompt supplemental charge—clarifying for the jury that the court had merely summarized the proof upon which the People had relied pertaining to the inference and that the court did not make findings. No further objection or request was made and, thus, defendant's claims are not preserved (*see* CPL 470.05 [2]; *see also People v Goss*, 229 AD2d 791, 792 [1996]). Moreover, in its charge, the court repeatedly and correctly reminded the jurors that they were the exclusive judges of the facts, and made clear that it had summarized the People's proof in support of this inference, emphasizing several times that the jurors could reject the proof and, likewise, the inference (*see People v Baskerville, supra* at 382-383). In this context, the court's isolated, shorthand reference to what "the proof shows" was, at most, harmless error and did not invade the province of the jury by resolving material questions of fact or the appropriateness of the inference (*see People v Crimmins*, 36 NY2d 230, 242 [1975]; *People v Di Rose*, 138 AD2d 854, 855 [1988], *lv denied* 72 NY2d 858 [1988]; *cf. People v Martin*, 115 AD2d 565, 567 [1985]).

Defendant's remaining claims for reversal likewise lack merit. As the charging conference was apparently held in chambers at the close of proof and not transcribed and there is otherwise no support for defendant's assertion that he timely requested and demonstrated entitlement to a missing witness charge, that claim is rejected (*see People v Gonzalez*, 68 NY2d 424, 427-428 [1986]).

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.