(November 18, 2004)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LEWIS TYPHAIR, Appellant. [784 NYS2d 695]—

Peters, J. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered July 17, 1997, upon a verdict convicting defendant of the crimes of burglary in the second degree, forgery in the second degree (five counts), criminal possession of stolen property in the fourth degree, intimidating a witness in the third degree and criminal possession of marihuana in the fifth degree.

After a jury trial, defendant was convicted of numerous crimes stemming from his unlawful entry into the home of Raymond Bedard. He was sentenced as a persistent felony offender to concurrent prison sentences of 15 years to life on all of the felony charges and a concurrent sentence of six months for a misdemeanor marihuana charge. Defendant appeals.

Defendant challenges the inadequacy of the trial transcripts and the unreasonable delay in receiving them. Upon our review, we find no basis for reversal. Shortly after the close of defendant's trial, the court reporter was incarcerated and another court reporter transcribed the minutes of the proceedings. Although the second reporter was unable to decipher every portion of the first reporter's shorthand, the prepared transcript permits adequate review of the issues raised (*see People v La Motte*, 276 AD2d 931, 932 [2000]) and is sufficient for intelligent appellate review (*see People v Gibbs*, 280 AD2d 698, 698-699 [2001], *lv denied* 96 NY2d 829 [2001]; *People v Eldridge*, 34 AD2d 693, 693 [1970]).

As to the sufficiency of the evidence supporting the charge of burglary in the second degree, we find, after viewing the evidence in a light most favorable to the People and according it the benefit of every favorable inference, that a rational finder of fact could have found the essential elements of this crime proven beyond a reasonable doubt (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Marmulstein*, 6 AD3d 879, 881 [2004]). Testimony established that in early November 1996, someone unlawfully entered Bedard's home and removed three guns and several blank checks belonging to Bedard's business. Shortly thereafter, defendant attempted to sell the guns to Jeremy Mesec and Nathan Bushey, both of whom later testified to having accompanied defendant when he went to cash the checks drawn on Bedard's business account. Bushey testified that defendant told him that he entered Bedard's home from the garage and took both the checks and guns while Bedard was sleeping. Defendant's exclusive and unexplained possession of this recently stolen property, combined with other proof adduced at trial, constituted legally sufficient evidence to establish beyond a reasonable doubt that defendant committed the burglary (*see People v Marmulstein, supra* at 881).

Next addressing defendant's weight of the evidence challenge to all the charges, which included criminal possession of stolen property in the fourth degree, forgery in the second degree, criminal possession of marihuana in the fifth degree and intimidating a witness in the third degree, we again find no merit. Viewing the evidence in a neutral light and giving ap-

propriate deference to the jury's credibility determinations (*see People v Beverly*, 5 AD3d 862, 865 [2004], *lv denied* 2 NY3d 796 [2004]; *People v Wright*, 1 AD3d 707, 708 [2003], *lv denied* 1 NY3d 636 [2004]), we note that in addition to Bushey's testimony regarding defendant's acquisition of the stolen property, Bushey witnessed defendant forge Bedard's name to a $600 check drawn on Bedard's business account. After defendant was arrested, Bushey testified that defendant asked him to secrete his guns and clothes, prompting Bushey and Mesec to throw the guns and clothes into a river; Mesec's testimony confirmed this account. With other evidence supporting all of the remaining charges for which defendant was found guilty, defendant's weight of the evidence challenge fails (*see People v Bleakley, supra* at 495).

Turning to the assertion of prosecutorial misconduct, the People concede that the Assistant District Attorney erred when he personally vouched for the credibility of one witness (*see People v Proper*, 177 AD2d 863, 864 [1991], *lv denied* 79 NY2d 922 [1992]). However, we do not find that either this incident or the other minor comments noted by defendant to be so egregious as to deprive defendant of a fair trial (*see People v Calabria*, 94 NY2d 519, 523 [2000]) when the remainder of the People's conduct was appropriate and the evidence against defendant overwhelming.

Nor do we find error when County Court permitted witnesses to testify without prior disclosure of their names to defense counsel. Given the ancillary nature of the witnesses' testimony and defendant's opportunity to meaningfully cross-examine each witness, we fail to find prejudice (*see People v Lynch*, 23 NY2d 262, 271-272 [1968]; *People v Coleman*, 178 AD2d 842, 844-845 [1991], *revd on other grounds* 81 NY2d 826 [1993]). Although the lack of disclosure impinged upon the ability of defense counsel to question the qualifications of certain jurors, the record reflects that when problems arose, a proper inquiry by County Court ensued (*see People v Buford*, 69 NY2d 290, 299 [1987]). With County Court best able to assess a juror's competency and capacity, "[w]e accord latitude and deference to the court's findings" (*People v Leader*, 285 AD2d 823, 824 [2001], *lv denied* 97 NY2d 756 [2002]).

Reviewing and rejecting defendant's additional ascriptions of error, including the assertion that he was denied the effective assistance of counsel, we briefly address defendant's sentence. The matter of sentencing rests within the sound discretion of the trial court and its determination will not be disturbed without a finding of extraordinary circumstances or an abuse of

discretion (*see People v Peguero,* 7 AD3d 925, 926 [2004]; *People v Van Housen,* 7 AD3d 884, 884 [2004]). Defendant asserts that his sentence reflects punishment for having exercised his right to proceed to trial. We find, instead, that his sentence reflects his significant criminal history.

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.