■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCOS MANGUAL, Appellant. [785 NYS2d 785]—

Peters, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered June 28, 2002 in Albany County, upon a verdict convicting defendant of the crimes of burglary in the second degree, grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree.

Defendant was indicted for burglary in the second degree, grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree. The charges stemmed from a burglary of an apartment on State Street in the City of Albany. Following a jury trial, defendant was convicted as charged and thereafter sentenced, as a second felony offender, to an aggregate term of 14 years in prison. He appeals and we affirm.

The People presented the testimony of a witness who was in the vicinity of the burglarized apartment on the day that the crime took place. While standing on the corner of Lark and State Streets, he saw two bags with soccer logos left unattended. Upon taking a closer look, he noticed a tag on one bag indicating that it belonged to "Thomassino," a soccer coach who the witness knew to live nearby. Shortly thereafter, defendant drove up in a purple van. After stating, "I am here to get these bags," defendant put them in his van and drove away. Suspicious of the activity, the witness wrote down the license plate number of the van. When Thomassino confirmed that she had not given permission for anyone to take her bags, the witness met her at her apartment at which time the burglary was discovered and reported.

The police traced the license plate to Sophie Bonilla, and found the van outside of her residence. After Bonilla informed the police that defendant was driving the van on the day of the burglary, he was taken to police headquarters for questioning. Initially, defendant maintained that he had no involvement in the burglary, never having left his apartment until Bonilla returned home later that afternoon. After a search of the van, pursuant to a warrant, yielded many of the items stolen from the apartment, defendant admitted to having taken the bags from the street corner but denied any involvement in the burglary.

At trial, defendant testified in a manner inconsistent with his statement to the police. He explained that he left his apartment at 1:00 P.M. on the day of the burglary and coincidentally met a

stranger who needed money to travel. After the stranger explained that his bags were sitting outside of his apartment on a street corner, defendant agreed to take him to pick them up. Defendant contends that, once retrieved, he purchased some of the stranger's personal items to offset his costs of travel.

Upon this evidence, we reject defendant's challenge to the jury's verdict. While some charges are based upon circumstantial evidence, "unexplained or falsely explained possession of recently stolen property is sufficient to establish a prima facie case and to enable a jury to find guilt beyond a reasonable doubt" (*People v Baskerville,* 60 NY2d 374, 382 [1983]; *see People v Jackson,* 2 AD3d 893, 896 [2003], *lv denied* 1 NY3d 629 [2004]). Giving deference to the jury's credibility determinations, we find legally sufficient evidence to support the verdict. Further, viewing the evidence in a neutral light and having weighed "the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People ex rel. MacCracken v Miller,* 291 NY 55, 62 [1943]), we find that the evidence was given the weight which it should have been accorded (*see People v Bleakley,* 69 NY2d 490, 495 [1987]; *see also People v Contes,* 60 NY2d 620, 621 [1983]). While defendant provided an explanation for his recent possession of stolen property, the jury was free to reject his testimony—a determination to which we will defer where, as here, it is properly grounded (*see People v Alford,* 287 AD2d 884, 887 [2001], *lv denied* 97 NY2d 750 [2002]).

Finally, we reject defendant's claim that his sentence was harsh or excessive (*see People v Typhair,* 12 AD3d 832 [2004]), and find no extraordinary circumstances warranting our modification in the interest of justice.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.