■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVORY SHIRE, Appellant. [803 NYS2d 309]—

Rose, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered February 6, 1997, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and conspiracy in the fourth degree.

Following a 1996 jury trial, defendant was convicted of criminal sale of a controlled substance in the third degree and conspiracy in the fourth degree, and was sentenced as a persistent felony offender to an aggregate prison term of 15 years to life. Because the court reporters who recorded the proceedings were unavailable to transcribe their minutes, the record for defendant's appeal was delayed, the efforts of another court reporter were required and the resulting transcription is admittedly incomplete. County Court then held a reconstruction hearing, primarily to reconstruct the record of the *Huntley* hearing and the sentencing proceeding. At the reconstruction hearing, the People produced an apparently complete but uncertified copy of the *Huntley* hearing transcript obtained from defendant's trial counsel. In reconstructing the sentencing minutes, County Court relied upon defendant's certificates of convictions, its own notes, an earlier persistent felony offender statement and the presentence report. Defendant now appeals, arguing that the record is too incomplete to allow meaningful appellate review.

While "the State must provide a record of trial sufficient to enable a defendant to present reviewable issues on appeal" (*People v Mealer*, 57 NY2d 214, 219 [1982], *cert denied* 460 US 1024 [1983]), the absence of a complete trial transcript does not, by itself, require reversal (*see People v Parris*, 4 NY3d 41, 46 [2004]; *People v La Motte*, 276 AD2d 931, 932 [2000]). Rather, a defendant must overcome the presumption of regularity by showing that there were inadequate substitute means for determining the presence of appealable issues and permitting

their intelligent appellate review (*see People v Parris, supra* at 46; *People v La Motte, supra* at 932).

Despite the omissions cited by defendant, the transcriptions in the record here are sufficient for appellate review. For example, from the portion of the transcript of the *Sandoval* hearing that was able to be transcribed, we can discern which prior convictions were at issue and the reasoning behind County Court's ruling, and find no basis for reversal (*see generally People v Typhair*, 12 AD3d 832, 833 [2004], *lv denied* 4 NY3d 803 [2005]). Nor are we persuaded that the uncertified *Huntley* hearing transcript is inaccurate, inasmuch as defendant made no such objection and offered no evidence to substantiate this claim (*see People v Parris, supra* at 46; *People v Morgan*, 214 AD2d 809, 809-810 [1995], *lv denied* 86 NY2d 783 [1995]). Since County Court found the uncertified copy to be sufficiently accurate to serve as a transcript, no statement in lieu of the transcript was required by CPLR 5525 (d).

Defendant also maintains that the testimony of the People's witnesses is so incomplete that this Court cannot determine whether the verdict was against the weight of the evidence. Again, we disagree. The gaps in the trial transcript are short and infrequent, and they do not hinder our ability to comprehend the relevant testimony (*see People v Typhair, supra* at 833). Given the ample evidence against defendant, including tape recordings of his dealings with an undercover officer, his confession and the undercover officer's testimony, and the jury's credibility resolutions, it cannot be said that a weight of the evidence argument would succeed but for the gaps in the transcript (*see People v Davis*, 18 AD3d 1016, 1019 [2005]; *People v Bailey*, 295 AD2d 632, 634 [2002], *lv denied* 98 NY2d 766 [2002]).

Finally, defendant's contention that County Court erred in its reconstruction of the sentencing minutes because it did not articulate its reasons for finding him to be a persistent felony offender is belied by the inclusion of a copy of County Court's formal statement issued December 19, 1996, fully setting forth those reasons (*see* CPL 400.20 [3]).

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.