Peters, P.J.
Appeal from a judgment of the Supreme Court (Teresi, J.), rendered January 31, 2011 in Albany County, upon a verdict convicting defendant of the crimes of burglary in the second degree and petit larceny.
Defendant was indicted for burglary in the second degree, grand larceny in the fourth degree and criminal impersonation in the fourth degree after the fruits of a burglary of an apartment in the City of Watervliet, Albany County were found in a car in which he was a passenger during a traffic stop. Following *1170 a hearing, Supreme Court denied defendant’s motion to suppress the evidence recovered during the stop. Prior to the ensuing jury trial, the court granted defendant’s motion to dismiss the charge of criminal impersonation in the fourth degree, and the parties stipulated to reducing the charge of grand larceny in the fourth degree to petit larceny. Defendant was ultimately convicted of burglary in the second degree and petit larceny and sentenced to 15 years in prison with five years of postrelease supervision on the burglary count and one year in jail on the petit larceny count, to run concurrently. He now appeals.
We find no merit to defendant’s contention that the evidence seized from the vehicle should have been suppressed. Defendant does not dispute that the police had authority to stop the vehicle, which had a missing headlight (see People v Ellis, 62 NY2d 393, 396 [1984]; People v Muniz, 12 AD3d 937, 938 [2004]; People v Lamanda, 205 AD2d 934, 935 [1994], lv denied 84 NY2d 828 [1994]). Once the vehicle was lawfully stopped, the officer was justified in asking defendant for his name as part of a reasonable request for information and — after a New York Statewide Police Investigation Network (hereinafter NYSPIN) search did not return any results for the name he provided — in ordering him to step out of the vehicle and detaining him until a further NYSPIN search of his true name was completed (see People v Hollman, 79 NY2d 181, 185 [1992]; People v Robinson, 74 NY2d 773, 775 [1989], cert denied 493 US 966 [1989]; People v Green, 80 AD3d 1004, 1005 [2011]; People v Tejada, 270 AD2d 655, 656 [2000], lv denied 95 NY2d 805 [2000]). After the subsequent NYSPIN search indicated that defendant was wanted for an outstanding warrant, he was arrested and placed in the patrol car. Upon reapproaching the vehicle, the officer observed a wooden bank for loose change crafted from an old post office box tumbler matching the description of the stolen property in plain view on the floor behind the driver’s side seat. Contrary to defendant’s contention, the shining of the flashlight into an area of plain view was not an unreasonable intrusion and did not convert a proper observation into an impermissible search (see People v Cruz, 34 NY2d 362, 370 [1974]; People v Fells, 279 AD2d 706, 709-710 [2001], lv denied 96 NY2d 758 [2001]; People v Wilson, 284 AD2d 960, 961 [2001], lv denied 96 NY2d 943 [2001], 97 NY2d 689 [2001]; People v Evans, 175 AD2d 456, 458 [1991], lv denied 79 NY2d 856 [1992]). As great weight is accorded to the factual findings of the suppression court where, as here, they are not clearly erroneous and are supported by the record (see People v Williams, 25 AD3d 927, 928 [2006], lv denied 6 NY3d 840 [2006]; People v Muniz, 12 AD3d at 938), we find no basis upon which to disturb its determination.
*1171 We further find that defendant’s convictions are supported by legally sufficient evidence. To convict defendant of burglary in the second degree, the People were required to prove that defendant knowingly entered or remained unlawfully in a dwelling with the intent to commit a crime therein (see Penal Law § 140.25 [2]). The trial testimony established that the victims left their apartment around 3:00 p.m. on February 21, 2010. Although the doors to their apartment were left unlocked, only family had permission to enter the residence in their absence. A few hours later they returned to find that a bank for loose change and numerous pieces of jewelry were missing from their bedroom. Defendant was found with the stolen property, which he admitted that he alone possessed, the day following the burglary and just a few blocks from the victims’ apartment. These facts and the evidence of defendant’s actions and demeanor when confronted by the police, when viewed in the light most favorable to the People (see People v Acosta, 80 NY2d 665, 672 [1993]; People v Bleakley, 69 NY2d 490, 495 [1987]), provided the jury with a proper basis from which to reasonably infer that defendant is the one who burglarized the victims’ home (see People v Hall, 57 AD3d 1222, 1225-1226 [2008], lv denied 12 NY3d 817 [2009]; People v Scurlock, 33 AD3d 366, 366 [2006], lv denied 7 NY3d 928 [2006]; People v Marmulstein, 6 AD3d 879, 880-881 [2004], lv denied 3 NY3d 660 [2004]; People v Miller, 114 AD2d 863, 864 [1985], lv denied 67 NY2d 763 [1986]; People v Sim, 53 AD2d 992, 993 [1976], affd 44 NY2d 758 [1978]; compare People v Moore, 291 AD2d 336 [2002]). This evidence was likewise legally sufficient to support the conviction of petit larceny (see Penal Law § 155.25).
Nor are we persuaded that defendant’s convictions are against the weight of the evidence. While defendant stated that he had found the property in a bag on a landing outside his friend’s former apartment and took it because he was unsure why the property was there and wanted to safeguard it until his friend’s return, the jury was free to reject his version of the events (see People v Hall, 57 AD3d at 1226; People v Mangual, 13 AD3d 734, 736 [2004], lv denied 4 NY3d 800 [2005]). Evaluating the evidence in a neutral light and weighing the probative force of the conflicting testimony and the relative strength of the conflicting inferences that may be drawn therefrom, while according deference to the jury’s credibility determinations (see People v Carota, 93 AD3d 1072, 1075 [2012]; People v Underdue, 89 AD3d 1132, 1133 [2011]; People v Richards, 78 AD3d 1221, 1222 [2010], lv denied 15 NY3d 955 [2010]), we find that the evidence was given the weight it should be accorded and, consequently, defendant’s convictions were not contrary to the weight of the evidence.
*1172 Defendant next challenges Supreme Court’s jury instructions. His contention that the court erred in instructing the jury on consciousness of guilt is unpreserved for our review (see CPL 470.05 [2]; People v James, 75 NY2d 874, 875 [1990]; People v Dallas, 58 AD3d 1019, 1021 [2009], lv denied 12 NY3d 815 [2009]; People v Thaddies, 50 AD3d 1249, 1250 [2008], lv denied 10 NY3d 965 [2008]). Because defendant did not request a missing witness instruction with respect to the People’s failure to call the driver of the vehicle until after the close of all evidence, his request was untimely and, therefore, properly denied (see People v Rodney, 79 AD3d 1363, 1365 [2010]; People v Turner, 73 AD3d 1282, 1283-1284 [2010], lv denied 15 NY3d 896 [2010]). Lastly, Supreme Court did not err in instructing the jury regarding the permissible inference that may be drawn from the recent and exclusive possession of the fruits of a burglary (see People v Baskerville, 60 NY2d 374, 382-383 [1983]) and, in light of the evidence adduced at trial, the charge as given was appropriate (see People v Howard, 60 NY2d 999, 1001 [1983]; People v Green, 68 AD3d 1782, 1782 [2009], lv denied 14 NY3d 888 [2010]).
Finally, we are unpersuaded that the sentence imposed was harsh or excessive, particularly given defendant’s extensive criminal history, which includes a prior robbery and attempted robbery conviction as well as a number of theft-related offenses. Furthermore, “ ‘[t]he fact that the sentence imposed after trial was greater than the sentence offered as part of a pretrial plea agreement offer, which defendant rejected, is not proof that defendant was penalized for exercising his right to a jury trial’ ” (People v Danford, 88 AD3d 1064, 1068-1069 [2011], lv denied 18 NY3d 882 [2012], quoting People v Robinson, 72 AD3d 1277, 1278 [2010], lv denied 15 NY3d 809 [2010]; see People v Souffrant, 93 AD3d 885, 887 [2012]).
Mercure, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.