People v Haggray (2018 NY Slip Op 04036)





People v Haggray


2018 NY Slip Op 04036


Decided on June 7, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 7, 2018

107965

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
NYJEW HAGGRAY, Appellant.

Calendar Date: April 27, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Theodore J. Stein, Woodstock, for appellant.
P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.


Egan Jr., J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered October 15, 2015, upon a verdict convicting defendant of the crimes of robbery in the second degree and grand larceny in the third degree.
Defendant was charged in a four-count indictment with robbery in the first degree (two counts), robbery in the second degree and grand larceny in the third degree in connection with an armed robbery in the City of Albany. Following several hearings and a jury trial, County Court declared a mistrial in March 2015 after the jury was unable to reach a verdict. A second jury trial was subsequently conducted, whereupon defendant was convicted of robbery in the second degree and grand larceny in the third degree. Defendant was then sentenced, as a second
violent felony offender, to an aggregate prison term of 10 years, to be followed by five years of postrelease supervision. Defendant now appeals.
Defendant contends, among other things, that the People deprived him of an opportunity to develop an effective argument on appeal by failing to provide him with certain video and photographic exhibits that were introduced into evidence at trial in a format that he could readily view [FN1]. Specifically, defendant avers that, although the People provided him with copies of 14 [*2]DVDs introduced as exhibits at trial, he was unable to view the contents of exhibit Nos. 9, 10, 11, 12, 13, 14, 18 and 108.
Defendant has a "fundamental right to appellate review of a criminal conviction" (People v Yavru-Sakuk, 98 NY2d 56, 59 [2002]) and, to that end, it is well-settled that the People "'must provide a record of trial sufficient to enable a defendant to present reviewable issues on appeal'" (People v Shire, 23 AD3d 709, 709 [2005], lv denied 6 NY3d 852 [2006], quoting People v Mealer, 57 NY2d 214, 219 [1982], cert denied 460 US 1024 [1983]). Here, there is no dispute that the subject exhibits were admitted into evidence, were viewed by the juries at both of defendant's trials and are now a part of the record from which defendant may prepare his appellate arguments and this Court may conduct meaningful appellate review. Based upon our own efforts to view these exhibits, we find defendant's observation to have merit. Accordingly, we withhold decision and direct the People to provide defendant's counsel, on or before June 28, 2018, copies of exhibit Nos. 9, 10, 11, 12, 13, 14, 18 and 108, in a format readily accessible by modern personal computer equipment, and provide defendant's counsel with the necessary instructions and program requirements to do so. Defendant is granted leave to file, if he so chooses, a supplemental brief, limited to issues arising from these exhibits, on or before July 26, 2018, in which case the People may file a responding brief on or before August 9, 2018.
McCarthy, J.P., Devine, Mulvey and Rumsey, JJ., concur.
ORDERED that the decision is withheld, the People are directed to provide defendant's counsel with copies of trial exhibit Nos. 9, 10, 11, 12, 13, 14, 18 and 108, as indicated, and the parties are to submit supplemental briefs, if necessary, in accordance with this Court's decision.



Footnotes

Footnote 1: Defendant previously filed a motion in this Court seeking summary reversal or, alternatively, a reconstruction hearing based upon his inability to view these exhibits. Defendant's motion was denied, without prejudice to the issue being raised upon argument of the appeal (see 2017 NY Slip Op 80506[U] [2017]).