78 Havemeyer, LLC, Appellant,
against
Hussain Abuzaid, Respondent, et al., Undertenants. 




Wenig Saltiel, LLP (Meryl L. Wenig of counsel), for appellant.
Brooklyn Legal Services (Gibb Surette of counsel), for respondent.

Appeal from a decision of the Civil Court of the City of New York, Kings County (Gary Franklin Marton, J.), dated January 29, 2016, deemed from a final judgment of that court entered January 29, 2016 (see CPLR 5512 [a]). The final judgment, upon the decision, after a nonjury trial, dismissed the petition in a holdover summary proceeding.




ORDERED that the final judgment is affirmed, without costs.
In this holdover proceeding based upon landlord's purported termination of an alleged month-to-month tenancy, tenant asserted, as one of his affirmative defenses, that the building in which he resides and two contiguous buildings together constitute a horizontal multiple dwelling that is subject to the Rent Stabilization Law of 1969 (RSL) (Administrative Code of City of NY § 26-501 et seq.) (see RSL §§ 26-504, 26-505; Rent Stabilization Code [9 NYCRR] § 2520.11 [d]; Matter of Salvati v Eimicke, 72 NY2d 784, 792 [1988]). After a nonjury trial, the Civil Court, in a decision dated January 29, 2016, awarded tenant a final judgment dismissing the petition, finding that the premises is part of a horizontal multiple dwelling that is subject to the RSL. Pursuant to that decision, a final judgment was entered on January 29, 2016. Landlord appeals, contending only that the final judgment should be reversed and a new trial ordered due to deficiencies in the trial [*2]transcripts that would preclude meaningful appellate review.[FN1]


Upon a review of the record, we conclude that, contrary to landlord's contention, there are no errors, omissions or deficiencies in the trial transcripts that would preclude meaningful appellate review and warrant a reversal of the final judgment and a remand for a new trial (cf. Matter of Ernest LL v Rosemary LL, 50 AD2d 706, 707 [1975] [holding that an order issued after a trial in a custody proceeding had to be reversed and a new trial ordered because the numerous errors, mistakes and omissions in the trial transcript precluded meaningful appellate review]). 

Accordingly, the final judgment is affirmed. 

ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.



ENTER:

Paul Kenny

Chief Clerk

Decision Date: April 24, 2020



Footnotes

Footnote 1: By order dated August 16, 2018, the Civil Court denied landlord's motion to set aside the January 29, 2016 decision and for a new trial on the ground of transcript deficiencies. Subsequently, by order dated October 23, 2018, the court granted landlord's motion to settle the trial transcripts and to recreate a portion of a transcript for certain missing testimony.