OPINION OF THE COURT
Herman Cahn, J.
Defendant stands indicted for committing the crime of insurance fraud in the first degree (Penal Law § 176.20). He *1011 moves, pursuant to CPL 210.20 (i), (f), for dismissal of the indictment on the ground that it is time barred.
THE FACTS
The following recitation of facts is based on copies of documents submitted to the court in connection with the within motion, and as set forth otherwise in the parties’ submissions.
On, or shortly after November 4, 1981, defendant, a collector of pre-Columbian art, submitted a proof of loss statement to Chubb Insurance Company (Chubb) dated November 4, 1981. In said proof of loss, defendant claimed that art having an "actual cash value * * * in excess of $1,811,000” had been stolen during a burglary of his office. The insurance company processed the claim, and on or about December 28, 1981 paid defendant the full amount claimed.
Several months after defendant had been paid, the stolen art was recovered from a locker in Grand Central Station. Upon investigation into the matter, the District Attorney’s office felt it had reason to believe that defendant had submitted a fraudulently inflated appraisal to Chubb, and that defendant himself was involved in the burglary in order to collect the insurance proceeds.
On December 11, 1986, defendant’s former attorney entered into an agreement with the District Attorney’s office, agreeing to extend the Statute of Limitations. It reads, in pertinent part as follows:
"This letter is to confirm our telephone conversation wherein we agreed, as attorneys on behalf of William O’Boyle to an extension of the statute of limitations from the date of this letter until March 31, 1987, for any crimes which Mr. O’Boyle may have committed in connection with an insurance claim relating to a theft of pre-Columbian art objects and for which the statute of limitations, with respect thereto, has not already expired as of the date of this letter.
"This agreement will permit you to bring charges against Mr. O’Boyle up until March 31, 1987 with respect to any crimes for which you could bring such charges against him as of the date of this letter. However, it will not, in any way, revive any crimes for which the statute of limitations has already expired as of the date of this letter. ” (Emphasis added.)
Defendant was indicted on February 27, 1987. He moves for dismissal of the indictment on the ground that it was time *1012 barred as of the date of the letter extending the period of limitations, December 11, 1986.
THE LAW
The Statute of Limitations for the crime with which defendant is charged is five years after it was committed (CPL 30.10 [2] [b]). Thus, if it can be conclusively shown that any crime that may have been committed was committed prior to December 11, 1981, the motion must be granted and the indictment dismissed.
Defendant argues that the crime of insurance fraud in the first degree is completed upon the filing of a fraudulent insurance claim; thus, since defendant filed the claim, which is the basis for the within indictment, with Chubb on or about November 4, 1981, and the extension agreement was executed on December 11, 1986, the indictment is barred by the applicable five-year Statute of Limitations (CPL 30.10 [2] [b]).
Insurance fraud in the first degree was defined in Penal Law § 176.20, as it existed prior to November of 1986, as follows: "A person is guilty of insurance fraud in the first degree when he commits a fraudulent insurance act and thereby wrongfully takes, obtains or withholds, or attempts to wrongfully take, obtain or withhold property with a value in excess of one thousand five hundred dollars.”
A "fraudulent insurance act” is defined in Penal Law § 176.05: "A fraudulent insurance act is committed by any person who, knowingly and with intent to defraud presents * * * to * * * an insurer * * * any written statement as part of * * * a claim for payment * * * which he knows to: (i) contain materially false information concerning any fact material thereto; or (ii) conceal, for the purpose of misleading, information concerning any fact material thereto.”
An analysis of the statute itself shows that it is the commission of the "fraudulent insurance act” itself which is the actus reus, and further, that it is that act alone which completes the crime of insurance fraud in the first degree. The presentation to an insurer of a written statement knowing that it contains materially false information, or that it conceals information for the purpose of misleading, is the criminal activity. Once such written statement has been presented the crime of insurance fraud, in one of its degrees, has been committed. This is evidenced by the fact that an unsuccessful attempt to fraudulently obtain insurances moneys in excess of $1,500 *1013 constitutes the crime of insurance fraud in the first degree. There is no requirement that the perpetrator of the crime actually obtain the money; the attempt to obtain the money wrongfully is treated the same way as the actual obtaining of the money, by the statute. It is clear that said provision of the statute is only meant to define what degree of crime is committed — and said degree of the crime is a function of the amount of money involved; at the time involved herein, a fraudulent insurance claim in the amount of $1,500 was classified as insurance fraud in the first degree. In 1986, the statute was amended, in that the amounts and degrees of crime were changed; otherwise the operative language of the sections was retained.
This does not, however, mean that the obtaining of money or actual receipt of money is an element of the crime. The money amounts set forth in the statute refer to the sum of money sought or attempted to be obtained. The amount claimed in the proof of loss satisfies this part of the statute.
In People v Kramer (132 Misc 2d 753), the court explained that, unlike the larceny statutes, the specific value wrongfully obtained need not be proven in prosecutions for insurance fraud. In People v Alfaro (121 Misc 2d 804, 809, affd 108 AD2d 517, affd 66 NY2d 985), the court held irrelevant, to the crime of insurance fraud, whether defendant received insurance proceeds. What was relevant was: "[T]he People failed to sustain their burden in proving beyond a reasonable doubt the statement was meant to be a claim for a payment in excess of $1,500.” (Supra, at 809.) Thus, defendant was held guilty of a lesser degree of insurance fraud.
The conclusion that insurance fraud in the first degree is completed upon the filing of the statement is supported further by a comparison of the various degrees of insurance fraud. When one commits a "fraudulent insurance act” without claiming a dollar loss, he commits insurance fraud in the fifth degree. (People v Alfaro, supra.) However, when one commits a "fraudulent insurance act” and claims in excess of $1,000, he now commits insurance fraud in the fourth degree. (Penal Law § 176.15; see also, Hechtman, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 176.10, at 236 [1987 Pocket Part].)
In conclusion, the crime of insurance fraud in the first degree, allegedly committed by defendant, was complete upon the filing, on or about November 4, 1981, of the proof of loss *1014 statement. Therefore, the agreement to extend the Statute of Limitations executed on December 11, 1986, was ineffectual because the Statute of Limitations had already expired as of the date of the agreement. (See, letter agreement, supra.)
In view of the court’s decision herein, the court has not considered the other grounds of defendant’s motion to dismiss.
Motion to dismiss granted.