■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ALFRED RIVERA, Appellant.—Judgment, Supreme Court, New York County (Juanita Bing Newton, J., at plea and sentence), rendered June 10, 1988, convicting defendant, upon a plea of guilty, of grand larceny in the first degree and sentencing him to 3 to 9 years' imprisonment, unanimously affirmed.

The claim that the conviction violates the constitutional prohibition against ex post facto laws is an argument of constitutional dimension that is not forfeited by a guilty plea. *(See, People v Taylor,* 65 NY2d 1, 5; *People v Pelchat,* 62 NY2d 97, 108.)* Nevertheless, the trial court properly concluded that defendant committed a single grand larceny, rather than a series of unrelated larcenies, and that the crime was completed after November 1, 1986, the effective date of Penal Law § 155.42 (grand larceny in the first degree), which made it a class B felony to steal more than $1 million, and after "ample notice of the change in statute and the penalty for the proscribed conduct."

By pleading guilty, defendant has forfeited his right to challenge the geographic jurisdiction of New York County. *(See, People v Hinestrosa,* 121 AD2d 469.)* Were we to reach this issue in the interest of justice, we would affirm, as we do with respect to the ex post facto issue, for the reasons stated by Justice Juanita Bing Newton in an opinion dated November 6, 1987.

We have also reviewed defendant's excessive sentence claim and find it to be without merit. Concur—Sullivan, J. P., Carro, Milonas, Ellerin and Wallach, JJ.