THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS J. PAZOS, Appellant.—

The defendant herein is a chiropractor who accepted referrals from an attorney, Stuart Kramer, now disbarred *(see, Matter of Kramer,* 120 AD2d 299). Kramer's clients had been

in automobile accidents and Kramer engaged in an intricate scheme with a number of chiropractors and doctors to fabricate fractures on insurance reports in order to satisfy the serious-injury threshold needed to avoid the limitations of no-fault insurance. Numerous witnesses including former colleagues of Kramer, several chiropractors and doctors as well as patients and insurance company representatives testified to the particulars of this sophisticated scheme. Although the defendant maintained that his relationship to Kramer was merely peripheral and that he had not engaged in any false diagnoses, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

However, as the People concede, the defendant's conviction of conspiracy in the fifth degree must be reversed because the court failed to charge the jury as to the applicable two-year Statute of Limitations (see, People v Leisner, 73 NY2d 140). In light of the fact that an overwhelming majority of the overt acts upon which the People relied occurred prior to the two-year period of limitations, it is impossible for us to determine whether the jury based the conspiracy conviction upon an overt act committed within the applicable period.

In light of our determination as to the conspiracy count, we decline to address the defendant's remaining contentions with regard to this count. Although the court erred in failing to charge venue upon the defendant's request (see, People v Moore, 46 NY2d 1), we conclude that this error was harmless in light of the fact that there was extensive testimony that numerous overt acts of coconspirators occurred in Kings County and we do not perceive a reasonable possibility that the jury would have returned a different verdict if charged as to venue (see, CPL 20.40 [1] [b]; cf., People v Crimmins, 36 NY2d 230).

We have examined the defendant's remaining contentions and conclude that they are either unpreserved for appellate review or without merit. Mangano, J. P., Kunzeman, Eiber and Kooper, JJ., concur.