■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PEREZ, Also Known as JOHN VELEZ, Appellant.—Judgment, Supreme Court, New York County (George Bundy Smith, J.), rendered October 11, 1983, convicting defendant, after trial by jury, of four counts of murder in the second degree (two counts of intentional murder, two counts of felony murder), one count of robbery in the first degree and two counts of tampering with physical evidence and which sentenced defendant to consecutive terms of imprisonment of 25 years to life on each of the intentional murder counts and consecutive terms of 25 years to life on each of the felony murder counts, said consecutive sentences on the intentional murder counts to run concurrently with the consecutive sentences on the felony murder counts, and sentences of 12½ to

25 years on the remaining counts, each of these sentences to run concurrently with the murder sentences, is unanimously affirmed.

Defendant was tried jointly with one Miguel Mercedes for the murders of Jose Felice, also known as "Pepe", and Nery Armando Pereyra. Defendant and codefendant lured the victims up to an apartment where the victims were shot. The bodies were then disposed of in Westchester County.

"The decision to grant or deny a separate trial is vested primarily in the sound judgment of the Trial Judge, and defendant['s] burden to demonstrate abuse of that discretion is a substantial one". *(People v Mahboubian,* 74 NY2d 174, 183.) When proof against jointly tried defendants consists of the same evidence "only the most cogent reasons warrant a severance" *(People v Bornholdt,* 33 NY2d 75, 87). There exists a strong public policy to join cases "because it expedites the judicial process, reduces court congestion, and avoids the necessity of recalling witnesses". *(People v Mahboubian, supra,* at 183.)

Both defendants were charged with the same crimes. The People's case consisted of 26 witnesses and over 100 exhibits during a 10-week trial that produced a trial transcript in excess of 5,000 pages. Identical witnesses would have had to have been called at a second trial concerning the investigation into the actual shooting, the transportation of the bodies, the discovery of the bodies and the forensic evidence and investigation.

There is no merit to defendant's claim that a severance should have been granted on the grounds of antagonistic defenses. A "severance is compelled where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger, as both defenses are portrayed to the trial court, that the conflict alone would lead the jury to infer defendant's guilt." *(People v Mahboubian, supra,* at 184.) Both defenses were consistent, in that they attacked the credibility of the People's chief witness and inferred that he was the true culprit.

Defendant's argument that evidence admitted solely against the codefendant was prejudicial to him was either unpreserved for appellate review or was sufficiently cured by limiting instructions.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account "among other things, the crime charged, the particular circumstances of the individual

before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence *(People v Farrar,* 52 NY2d 302, 305).

We have reviewed defendant's remaining arguments and find them to be without merit. Concur—Kupferman, J. P., Ross, Asch, Kassal and Wallach, JJ.