■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MICHAEL ROSICH, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered October 24, 1989, convicting him of grand larceny in the second degree (three counts), offering a false instrument for filing in the first degree (10 counts), and aiding and abetting the unlawful practice of a profession (five counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

The instant indictment charged the defendant, a podiatrist, with, *inter alia,* three counts of grand larceny in the second degree (see, Penal Law § 155.40), alleging that he misappropriated in excess of $600,000 from the New York State Medicaid program, and five counts of aiding and abetting the unlawful practice of a profession (see, Education Law § 6512), alleging that he employed or held out as podiatrists four individuals who were not so licensed. On appeal, the defendant contends that the counts charging him with grand larceny in the second degree and the counts charging him with aiding and abetting the unlawful practice of a profession should have been dismissed as duplicitous in that each of those counts alleged a series of offenses over a period of time (see, *People v Keindl,* 68 NY2d 410). We disagree.

The defendant was properly charged with these offenses under a continuing crime theory. It is well established that grand larceny may be charged as a series of single larcenies governed by a common fraudulent scheme or plan even though the successive takings extended over a long period of time (see, *People v Rossi,* 5 NY2d 396, 401; *People v Cox,* 286 NY 137). Furthermore, we find that the plain language of

Education Law § 6512 contemplates a continuing crime as well as a single act *(see, People v Keindl, supra)*. Nor can it be said that the counts as charged impaired the defendant's ability to prepare a defense or impaired his ability to raise the constitutional bar of double jeopardy against any future prosecutions arising from the same course of conduct *(see, People v Buckley,* 75 NY2d 843; *People v Keindl, supra)*.

The defendant further contends that his conviction on counts one and two, alleging grand larceny in the second degree, violated the constitutional prohibition against ex post facto laws, inasmuch as the Penal Law section defining that offense was amended before the completion of the ongoing crimes. However, because those crimes were completed after the effective date of the amendment, they were properly prosecuted under the new statute *(see, People v Rivera,* 156 AD2d 177; *see also, People v Eastern Ambulance Serv.,* 106 AD2d 867).

We find that the defendant's sentence was not excessive.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Lawrence, Rosenblatt and Ritter, JJ., concur.