■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD HAYES, Appellant

Defendant was jointly indicted and tried with his brothers, Bruce and Roy Hayes, for crimes committed in connection with the murder of a male neighbor of co-defendant Bruce Hayes.

The People's main witness testified that she saw and heard evidence that Bruce, carrying out prior threats, killed the victim in the basement hallway and dragged the body into a basement storage room. A telephone call made by Bruce brought defendant to the building and into the basement storage room, from which emanated sounds similar to the sawing of wood. At some point defendant left the storage room and returned with his brother Roy.

When asked for a shopping cart, the witness complied, and then observed defendant and his brothers carrying the cart, laden with a cargo enclosed in black plastic bags, out of the building. The witness also cleaned up some blood from the wall of the building hallway, fearing for her safety and that of her four children.

Later that day, the decapitated and dismembered body of the victim, packaged in black plastic bags, was found by motorists at the 122nd Street rest stop on the West Side Highway.

This evidence, viewed in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), is sufficient as a matter of law to support the jury's determination of defendant's guilt of hindering prosecution in the first degree and tampering with physical evidence. Moreover, after independently reviewing the facts, we find that the verdict was not against the weight of the evidence *(People v Bleakley,* 69 NY2d 490).

The trial court did not abuse its discretion in denying defendant's motion for severance on the ground that he did not actually participate in the murder, as proof of the charges against defendant would be supplied by proof of the murder charge and related counts of the indictment *(see, e.g., People v Perez,* 161 AD2d 154, *lv denied* 76 NY2d 794). In this connection, it is noted that defendant did not present to the trial court the prejudice argument raised on appeal.

Likewise, the trial court properly allowed introduction of evidence of human blood in the trunk of an automobile to which defendant had access at the time he allegedly assisted in transporting a mutilated human body to a highway site *(see, e.g., People v Mirenda,* 23 NY2d 439).

The issue of whether the People's main witness was an accomplice as a matter of fact was properly submitted to the jury, as different inferences reasonably could be drawn from the proof *(see, e.g., People v Vataj,* 69 NY2d 985).

We have considered defendant's remaining claims and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Ellerin, Ross and Rubin, JJ.