▮▮▮ The People of the State of New York, Respondent, v James A. DeLong, Appellant. [615 NYS2d 168] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that his absence from two pretrial conferences deprived him of the right to be present at a material stage of trial. The proper inquiry in determining whether a defendant's absence from a pretrial conference violated the right to

be present at a material stage of trial is "the effect that defendant's absence might have [had] on the opportunity to defend" *(People v Morales,* 80 NY2d 450, 456). Defendant's presence is not required at pretrial proceedings that involve only questions of "law or procedure" *(People v Velasco,* 77 NY2d 469, 472; *see, People v Rodriguez,* 76 NY2d 918).

The record shows that the pretrial conference on November 18, 1991, was held only for scheduling purposes and to discuss a possible plea bargain. Defendant's presence was, therefore, not required. Although there is nothing in the record to indicate the nature of the pretrial conference on September 25, 1992, defendant does not contend that anything occurred there that would have affected his ability to defend or to which he had "something valuable to contribute" *(People v Morales, supra,* at 456). Because defendant has not met his burden of presenting "a factual record sufficient to permit appellate review" regarding the conference on September 25, 1992 *(People v Kinchen,* 60 NY2d 772, 774), it may not be concluded that his absence from that pretrial conference violated either his constitutional right or his statutory right under CPL 260.20 to be present at a material stage of trial *(see, People v Velasco, supra).*

We further reject defendant's contention that the testimony of the People's psychologist regarding the hesitancy of child sexual abuse victims to disclose abusive conduct constituted improper bolstering. Such testimony was proper under the well-established rule that expert testimony regarding the behavior of a sexual abuse victim, if generally accepted in the scientific community, is admissible *(see, People v Bennett,* 79 NY2d 464; *People v Taylor,* 75 NY2d 277; *People v Keindl,* 68 NY2d 410, *rearg denied* 69 NY2d 823; *cf., People v Knupp,* 179 AD2d 1030). The opinion of the People's psychologist was properly based upon his own observations as well as upon the theories of well-known experts in the field of child sexual abuse *(see, People v Sugden,* 35 NY2d 453, 460-461).

Also without merit is defendant's contention that expert testimony was unnecessary because defendant did not question the victim's failure to disclose the abusive conduct in a timely manner. "Behavior of [sexually abused victims] is not within the ordinary understanding of the jury and testimony explaining this behavior assists the jury in determining what effect to give the complainant's initial failure to identify the defendant" *(People v Taylor, supra,* at 292).

Defendant's contention that the court erred in refusing to

dismiss as time-barred the count of endangering the welfare of a child, a class A misdemeanor (Penal Law § 260.10), is without merit. Although prosecution for a misdemeanor must be commenced within two years of the commission thereof (CPL 30.10 [2] [c]), count seven of the indictment alleged that defendant endangered the welfare of a child in June 1988 and in December 1990. The indictment was filed on August 29, 1991. Thus, the December incident was not time-barred and the validity of count seven was not affected. Further, "[e]ndangering the welfare of a child * * * readily permits characterization as a continuing offense over a period of time" (People v Keindl, supra, at 421; see, Penal Law § 260.10 [1]). Therefore, as a continuing offense, the Statute of Limitations would not commence until after the last act of abuse had occurred.

We reject defendant's contention that the People improperly used a prior out-of-court statement of the victim to refresh her recollection. The victim was nervous and confused concerning the dates on which the sexual abuse occurred. When the prosecutor showed the victim the statement she had given to police to refresh her recollection, he did not disclose its contents to the jury (see, People v Reed, 40 NY2d 204, 207).

Finally, defendant's remaining contentions are unpreserved for review (see, CPL 470.05 [2]), and we decline to review them as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]). (Appeal from Judgment of Supreme Court, Seneca County, Cornelius, J.—Sodomy, 2nd Degree.) Present— Balio, J. P., Lawton, Callahan, Doerr and Boehm, JJ.