OPINION OF THE COURT
Craig J. Doran, J.
An indictment has been filed against the defendant herein accusing him of one count of hindering prosecution in the first *467 degree, in violation of section 205.65 of the Penal Law. In essence, the defendant is accused of rendering criminal assistance to Stacy A. DeBeer between June 1998 and January 21, 2004, knowing that she committed a class A felony of murder in the second degree, by suppressing by concealment, physical evidence which might have aided in the discovery or apprehension of Stacy A. DeBeer, to wit: the physical evidence consisted of the body of an unnamed infant child killed by Stacy A. DeBeer, by acts including the entombing of the body of said child in concrete and secreting the entombed body in various locations in Ontario County.
The defendant moves herein for the court to inspect the grand jury minutes and, upon inspection, for dismissal. The defendant seeks a dismissal of the indictment on the ground that the evidence before the grand jury was not legally sufficient to establish the offenses charged or any lesser included offenses. The defendant also asserts that the indictment is legally defective as duplicitous under the law and legally deficient in that it lacks specificity.
Initially, the defendant asserts that the instant indictment is void for duplicity by charging two separate and distinct acts of concealing and secreting in one singular count. In response, the People contend that the defendant’s conduct charged in the indictment constitutes a continuing crime properly charged in one count.
This court finds that the instant indictment is not invalid for facial duplicity, that is, charging in a single count the commission of more than one offense (see, CPL 200.30 [1]). Duplicitous indictments are disallowed because of the danger that a jury may vote to convict on a count without having reached a unanimous verdict on the charge pleaded therein, and because it may undermine a subsequent double jeopardy defense (see, People v Keindl, 68 NY2d 410, 418 [1986]). “Where, however, a crime by its nature as defined in the Penal Law may be committed either by one act or by multiple acts and can be characterized as a continuing offense over time, the indictment may charge the continuing offense in a single count” (People v First Meridian Planning Corp., 86 NY2d 608 [1995], citing People v Keindl, supra at 421; People v Shack, 86 NY2d 529). The crime of hindering prosecution by its nature as defined in the Penal Law may be committed either by one act or by multiple acts. The phrase “renders criminal assistance” as defined in Penal Law § 205.50 includes terms which can describe multiple acts occur *468 ring over a period of time. This court finds that the plain language of Penal Law § 205.65 contemplates a continuing crime as well as a single act (see, People v Keindl, supra). The very essence of concealment is continuity for the period required to accomplish the desired result. The fact that there may be successive acts in aid of the concealment does not interrupt the continuity of the conduct which was directed to the accomplishment of a single purpose (see, People v Bellamy, 94 Misc 2d 1028 [1978]).
The cases relied upon by the defendant are not dispositive on this issue. Based upon the foregoing, this court does not find the single count in the instant indictment to be duplicitous. Nor does this court find that the indictment lacks sufficient specificity. In light of the continuing offense theory of the charged crime, the indictment as charged is proper in all respects.
In light of the court’s ruling that the indictment charges a continuing offense crime, the defendant’s motion to dismiss the indictment as time-barred pursuant to CPL 30.10 is denied. The People correctly point out that the statute of limitations regarding a continuing crime is governed by termination and not the starting date of the offense (see, People v DeLong, 206 AD2d 914 [1994]).
Finally, the defendant submits that the People have erred in failing to fully respond to his request for a bill of particulars, dated April 13, 2004. In the instant case, the defendant is charged with hindering prosecution in the first degree for allegedly rendering criminal assistance to Stacy DeBeer, knowing that she engaged in acts constituting murder in the second degree, between June 1998 and January 2004, by entombing the body of an unnamed child in concrete. In its bill of particulars, dated April 26, 2004, the People simply refer the defendant to previously produced discovery items in response to paragraphs 3 and 4 of the defendant’s request for a bill of particulars. However, as the defendant correctly points out in his moving papers, pretrial discovery has revealed provisional autopsy reports for two separate unnamed children. Neither the indictment, nor the People’s bill of particulars, clarifies which unnamed child is the subject of this indictment. Accordingly, this court hereby directs the People to supply a supplemental bill of particulars providing the information requested in paragraphs 3 and 4 of the defendant’s request for a bill of particulars, dated April 13, 2004.
Based upon the foregoing, this court has reviewed the minutes of the grand jury proceedings held on March 4, 2004, and finds *469 that the evidence and proof submitted to the grand jury constitutes prima facie proof that the crime charged in the subject indictment was committed by the defendant.
Accordingly, defendant’s motion to dismiss the indictment is denied in all respects. The People are directed to provide to defendant a supplemental bill of particulars in connection with paragraphs 3 and 4 of the defendant’s request for a bill of particulars.