THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN P. DeBEER, Appellant. [826 NYS2d 537]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered December 7, 2004. The judgment convicted defendant, upon a jury verdict, of hindering prosecution in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of hindering prosecution in the first degree (Penal Law § 205.65). County Court properly determined that the count charged in the indictment is not duplicitous, is sufficiently specific and is not barred by CPL 30.10 (2) (b), and thus the court properly refused to dismiss the indictment on those grounds (*People v DeBeer*, 4 Misc 3d 466 [2004]). Hindering prosecution "is a crime that by its nature may be committed either by one act or by multiple acts and readily permits characterization as a continuing offense over a period of time" (*People v Keindl*, 68 NY2d 410, 421 [1986], *rearg denied* 69 NY2d 823 [1987]; *see* Penal Law § 205.50; *see generally People v Shack*, 86 NY2d 529, 540-541 [1995]), and the single count of the indictment alleging that the crime was committed over a significant period of time is not duplicitous (*see People v First Meridian Planning Corp.*, 86 NY2d 608, 615-616 [1995]). Moreover, the allegations of the indictment, as supplemented by the

bill of particulars, were sufficiently specific to enable defendant to prepare his defense (*see People v Morris*, 61 NY2d 290, 297 [1984]; *see generally People v Watt*, 81 NY2d 772, 774 [1993]). In view of the continuing nature of the crime, the statute of limitations did not commence until after the last act of rendering criminal assistance occurred (*see People v DeLong*, 206 AD2d 914, 916 [1994]). The prosecution was commenced within five years of that act and was therefore timely (*see* CPL 30.10 [2] [b]; *DeLong*, 206 AD2d at 915-916).

Contrary to the further contentions of defendant, he was not deprived of a fair trial by prosecutorial misconduct (*see People v Gonzalez*, 206 AD2d 946, 947 [1994], *lv denied* 84 NY2d 867 [1994]), the evidence is legally sufficient to support the conviction (*see People v Hayes*, 179 AD2d 438 [1992], *lv denied* 79 NY2d 858 [1992]), he was not denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]), and the sentence is not unduly harsh or severe. Finally, contrary to the contention of defendant, the court properly denied his request to charge hindering prosecution in the third degree as a lesser included offense. There is no reasonable view of the evidence that would support a finding that defendant committed the lesser offense but not the greater (*see* CPL 300.50 [1]; *People v Glover*, 57 NY2d 61, 63 [1982]). Present—Martoche, J.P., Smith, Centra and Green, JJ.