■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIRGINIA RANDALL-WHITAKER, Appellant. [869 NYS2d 555]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered April 17, 2006, convicting her of hindering prosecution in the first degree and tampering with physical evidence, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied the defendant's motion to dismiss the indictment as time-barred pursuant to CPL 30.10 (2) (b). The defendant was properly charged with hindering prosecution in the first degree and tampering with physical evidence under a continuing crime theory (*see People v Shack,* 86 NY2d 529, 540-541 [1995]; *People v Rosich,* 170 AD2d 703 [1991]). Hindering prosecution and tampering with physical evidence are crimes that, by their nature, may be committed either by one act or by multiple acts and readily permit characterization as continuing offenses over a period of time (*see People v Keindl,* 68 NY2d 410, 421 [1986]; *People v DeBeer,* 35 AD3d 1275 [2006]). In view of the continuing nature of the crimes, the statute of limitations did not begin to run until the offenses had terminated (*see People v DeBeer,* 35 AD3d 1275 [2006]; *People v Eastern Ambulance Serv.,* 106 AD2d 867 [1984]). Since this prosecution was commenced within five years of the termination of the crimes as charged, it was timely (*see* CPL 30.10 [2] [b]; *People v Knobel,* 259 AD2d 499 [1999]).

The defendant's failure to base her speedy trial motion on the specific contentions that she now advances on appeal renders these contentions unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Sease*, 305 AD2d 700 [2003]). In any event, upon reviewing the record, we find that the total time chargeable to the People was less than the six-month time period provided by CPL 30.30 (1) (a). Accordingly, the motion was properly denied.

The defendant's contention that the People failed to establish her guilt by legally sufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Payne*, 3 NY3d 266, 280 [2004]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), and giving the People the benefit of every reasonable inference which could be drawn from the circumstantial evidence adduced (*see People v Lewis*, 64 NY2d 1111, 1112 [1985]; *People v Way*, 59 NY2d 361, 365 [1983]), the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contentions are without merit. Florio, J.P., Angiolillo, McCarthy and Chambers, JJ., concur.