# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

170

KA 13-00563

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                          MEMORANDUM AND ORDER

DAVID PERRY, DEFENDANT-RESPONDENT.

---

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR APPELLANT.

JOHN M. SCANLON, BINGHAMTON, FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Steuben County Court (Joseph W. Latham, J.), entered November 28, 2012. The order granted that part of defendant's omnibus motion seeking to dismiss the indictment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, that part of the motion seeking to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to Steuben County Court for further proceedings on the indictment.

Memorandum: On appeal from an order granting that part of defendant's omnibus motion seeking to dismiss the indictment pursuant to CPL 30.10 (2) (b), the People contend that County Court erred in determining that the statute of limitations had expired. We agree. Defendant was charged by an indictment with grand larceny in the second degree based on the theory that he stole in excess of $50,000 in New York State retirement disability benefits to which he was not entitled. Defendant applied for those benefits in 2004 or 2005, and received payments from February 17, 2005 through February 28, 2012.

It is well settled that the People may aggregate "a series of single larcenies governed by a common fraudulent scheme or plan even though the successive takings extended over a long period of time" (*People v Rosich*, 170 AD2d 703, 703, *lv denied* 77 NY2d 1000; *see People v Cox*, 286 NY 137, 142-143, *rearg denied* 286 NY 706; *People v Tighe*, 2 AD3d 1364, 1365, *lv denied* 2 NY3d 747). The offense of grand larceny as alleged in this case is therefore properly characterized as a continuing crime (*see People v First Meridian Planning Corp.*, 86 NY2d 608, 615-616), and "the [s]tatute of [l]imitations of a continuous crime is governed by the termination and not the starting date of the offense" (*People v Eastern Ambulance Serv.*, 106 AD2d 867, 868; *see People v DeBeer*, 35 AD3d 1275, 1276, *lv denied* 8 NY3d 921). The statute of limitations in this case did not begin to run until the

final taking in February 2012 (*see generally People v Randall-Whitaker,* 55 AD3d 931, 931, *lv denied* 12 NY3d 787), and the prosecution commenced shortly thereafter in March 2012 was thus timely pursuant to CPL 30.10 (2) (b).

Defendant contends that the statute of limitations began to run at the time of the allegedly fraudulent filing, relying on *People v O'Boyle* (136 Misc 2d 1010, 1012-1013). That case, however, is inapposite inasmuch as the defendant in that case was charged with insurance fraud, whereas defendant in this case is charged with grand larceny.

Entered: February 14, 2014                                    Frances E. Cafarell
                                                              Clerk of the Court