■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAURA MONTALBANO, Appellant. [28 NYS3d 625]—Appeal by the defendant, as limited by her motion, from an amended sentence of the Supreme Court, Nassau County (Gulotta, Jr., J.), imposed October 15, 2015, on the ground that the amended sentence was excessive.

Ordered that the amended sentence is affirmed.

The amended sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Leventhal, Dickerson, Miller and Duffy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY OWENS, Appellant. [28 NYS3d 630]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered August 28, 2013, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's failure to base his speedy trial motion on the specific contention that he now raises on appeal renders that contention unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Randall-Whitaker*, 55 AD3d 931, 932 [2008]). In any event, contrary to the defendant's contention, the Supreme Court properly excluded from the time chargeable to the People the period from January 3, 2013, to January 22, 2013, because after the People's declaration of readiness for trial, any period of an adjournment in excess of that actually requested by the People is excluded (*see People v Cortes*, 80 NY2d 201 [1992]; *People v Young*, 110 AD3d 1107 [2013]; *People v Boumoussa*, 104 AD3d 863 [2013]). Here, the total time chargeable to the People was less than the six-month time period provided by CPL 30.30 (1) (a). Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPL 30.30 to dismiss the indictment.

The defendant's contention that he was deprived of the effective assistance of counsel is without merit (*see People v Henry*, 95 NY2d 563, 565-566 [2000]). Dillon, J.P., Leventhal, Chambers and Barros, JJ., concur.