■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID G. THOMAS et al., Respondents, et al., Defendants. [38 NYS3d 65]—

Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Rooney, J.), dated October 8, 2015, as granted those branches of the joint motion of the defendants David G. Thomas, Debi Rose 4 City Council 2009, and Rachel Goodman which were to dismiss counts 1 through 4 and 6 through 21 of the indictment based on the statute of limitations.

Ordered that the order is affirmed insofar as appealed from.

The Supreme Court did not err in dismissing counts 1 through 4 and 6 through 21 of the indictment, based on the expiration of the statute of limitations. A criminal action "commences with the filing of an accusatory instrument . . . in a criminal court" (CPL 1.20 [16] [a]). A prosecution for a felony, other than a Class A felony or certain other felonies not at issue here, must be "commenced within five years after the commission thereof" (CPL 30.10 [2] [b]). A prosecution for a misdemeanor "must be commenced within two years after the commission thereof" (CPL 30.10 [2] [c]).

Where a defendant "raise[s] a facially viable statute of limitations defense . . . the burden . . . shift[s] to the People to prove beyond a reasonable doubt that the statute of limitations was tolled or otherwise inapplicable" (*People v Burroughs*, 108 AD3d 1103, 1104 [2013]; *see People v Kohut*, 30 NY2d 183, 186 [1972]; *see also People v Knobel*, 94 NY2d 226, 229 [1999]).

Here, the defendants David G. Thomas, Debi Rose 4 City Council 2009, and Rachel Goodman (hereinafter collectively the defendants) raised a facially viable statute of limitations defense with respect to counts 1 through 4 and 6 through 21 of the indictment; in response, the People failed to prove that the limitations period was tolled or otherwise inapplicable. The counts that were dismissed charged offering a false instrument for filing in the first degree, violations of Administrative Code of City of NY § 3-711 (3), falsifying business records in the second degree, tampering with public records, making a punishable false written statement, and perjury in the second degree. All of these counts were based on the filing with the New York City Campaign Finance Board (hereinafter the CFB) of certain documents on discrete dates between August 2009

and October 2009 that occurred more than five years before the filing of the felony complaint, which was sworn to on October 17, 2014. Contrary to the contention of the People, the subject counts, as charged in this indictment, do not constitute "continuing crimes" (*see People v Landy*, 125 AD2d 703, 704 [1986]; *see also People v Burroughs*, 108 AD3d at 1105).

Moreover, the People failed to show that the statute of limitations was tolled for any reason with respect to the subject counts of the indictment. In particular, an audit by the CFB did not operate to toll the limitations period for the counts at issue, nor did any statements allegedly made by the defendants, or their grand jury testimony, toll the limitations period (*see* CPL 30.10; *see also People v Kase*, 76 AD2d 532, 535-536 [1980], *affd* 53 NY2d 989 [1981]). In addition, any delay in the appointment of a special prosecutor did not affect the running of the limitations period (*see* CPL 30.10; *see also People v Kase*, 76 AD2d at 535-536).

The People's contention that the defendants' joint motion papers were defective is improperly raised for the first time on appeal (*see* CPL 470.05 [2]; *see also People v Randall-Whitaker*, 55 AD3d 931, 932 [2008]). Leventhal, J.P., Roman, Cohen and LaSalle, JJ., concur.