People v Milman (2018 NY Slip Op 05699)





People v Milman


2018 NY Slip Op 05699


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2011-01703
2011-01704

[*1]The People of the State of New York, respondent,
v
Olga Milman, appellant. (Ind. Nos. 575/A-09, 1869/A-09)


Law Offices of Nathaniel Z. Marmur, PLLC, New York, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Marcia R. Kucera of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Suffolk County (Richard Ambro, J.), both rendered December 1, 2010, convicting her of scheme to defraud in the first degree, grand larceny in the second degree (two counts), and grand larceny in the third degree under Indictment No. 575/A-09, and grand larceny in the second degree (three counts) and scheme to defraud in the first degree under Indictment No. 1869/A-09, upon a jury verdict, and imposing sentences.
ORDERED that the judgment rendered under Indictment No. 575/A-09 is modified, on the law, (1) by vacating the conviction of scheme to defraud in the first degree and the sentence imposed thereon, and (2) by vacating the conviction of grand larceny in the second degree under count two of that indictment, vacating the sentence imposed thereon, and dismissing that count of that indictment; as so modified, the judgment is affirmed, and a new trial is ordered on the count of that indictment charging the defendant with scheme to defraud in the first degree; and it is further,
ORDERED that the judgment rendered under Indictment No. 1869/A-09 is modified, on the law, (1) by vacating the conviction of scheme to defraud in the first degree and the sentence imposed thereon, and (2) by vacating the convictions of grand larceny in the second degree under counts one and three of that indictment, vacating the sentences imposed thereon, and dismissing those counts of that indictment; as so modified, the judgment is affirmed, and a new trial is ordered on the count of that indictment charging the defendant with scheme to defraud in the first degree.
In 2009, the defendant was charged under Indictment Nos. 575/A-09 and 1869/A-09 with grand larceny in the second and third degrees and scheme to defraud in the first degree arising from her alleged conduct in obtaining funds from several friends and associates based upon her false representations that they were investing in a company that she controlled. Following the close of the People's case at trial, the defendant moved, inter alia, to dismiss counts one and two of Indictment No. 575/A-09 and counts one, three, and four of Indictment No. 1869/A-09 based upon the expiration of the statute of limitations. Defense counsel contended that the People's evidence demonstrated that these charged offenses terminated more than five years before the return of the relevant indictment. The trial court denied those branches of the defendant's motion on the merits.
After the close of evidence, defense counsel submitted a written request that the jury be charged on the statute of limitations. In relevant part, defense counsel sought an instruction that in order to convict the defendant of scheme to defraud in the first degree, the jury must find that the defendant committed some act pursuant to the scheme within five years of the relevant indictment. The trial court denied the request to charge, and the jury convicted the defendant of all counts under both indictments.
The defendant contends that the trial court should have granted those branches of her motion which were to dismiss counts one and two of Indictment No. 575/A-09 and counts one, three, and four of Indictment No. 1869/A-09 based upon the expiration of the statute of limitations. The People's contention that the defendant waived the statute of limitations issue by failing to timely move to dismiss the indictment on that ground is improperly raised for the first time on appeal (see CPL 470.05[2]; People v Thomas, 142 AD3d 1191, 1192). In any event, the defendant's challenge was timely as it was based upon facts of which she had previously been unaware and which could not have been included in a timely omnibus pretrial motion (see CPL 255.20[3]; People v Wisdom, 23 NY3d 970, 972). In this regard, the People's case at trial revealed to the defendant for the first time that the challenged counts were based upon evidence of her conduct that may have terminated more than five years before the return dates of the indictments.
The trial court should have granted those branches of the defendant's motion which were to dismiss count two of Indictment No. 575/A-09 and counts one and three of Indictment No. 1869/A-09, all of which charged grand larceny in the second degree, based upon the expiration of the statute of limitations. A criminal action "commences with the filing of an accusatory instrument against a defendant in a criminal court" (CPL 1.20[16]). CPL 30.10(2)(b) provides that a prosecution for a felony, other than a class A felony or certain other crimes not at issue here, "must be commenced within five years after the commission" of the felony. "[G]rand larceny may be charged as a series of single larcenies governed by a common fraudulent scheme or plan even though the successive takings extended over a long period of time" (People v Rosich, 170 AD2d 703, 703; see People v Perry, 114 AD3d 1282, 1283; People v Arnold, 15 AD3d 783, 785). When offenses are charged as continuing crimes, the statute of limitations begins to run on the " termination and not the starting date of the offense'" (People v Perry, 114 AD3d at 1283, quoting People v Eastern Ambulance Serv., 106 AD2d 867, 868). As a result, the statute of limitations does not begin to run until the final taking (see People v Perry, 114 AD3d at 1283; People v Randall-Whitaker, 55 AD3d 931, 931). The People's evidence demonstrated that the final taking of property from the respective complainant in each of these counts of grand larceny in the second degree occurred more than five years before the applicable accusatory instrument was filed. The People's contention that the subject grand larceny counts should be considered timely pursuant to CPL 30.10(3)(a) is improperly raised for the first time on appeal (see CPL 470.05[2]; People v Thomas, 142 AD3d at 1192). Accordingly, the defendant's convictions of grand larceny in the second degree under count two of Indictment No. 575/A-09 and counts one and three of Indictment No. 1869/A-09 and the sentences imposed thereon should be vacated, and those counts should be dismissed.
We agree with the trial court's denial of those branches of the defendant's motion which were to dismiss count one of Indictment No. 575/A-09 and count four of Indictment No. 1869/A-09, both of which charged scheme to defraud in the first degree, based upon the expiration of the statute of limitations. Scheme to defraud "can by its very nature be committed by multiple acts and permits, if not requires, characterization as a continuing offense committed over time" (People v First Meridian Planning Corp., 86 NY2d 608, 616). Although the thefts from certain complainants occurred outside of the relevant period of limitations, the People's evidence demonstrated that the defendant's scheme to defraud also involved other complainants, and that the defendant's thefts from the other complainants occurred within the relevant period of limitations.
However, the defendant's request for a jury instruction on the statute of limitations should have been granted with regard to the counts charging scheme to defraud in the first degree. The People's case included evidence demonstrating that some of the defendant's acts against certain complainants in furtherance of the schemes were committed within the applicable time period. The People's case also included a substantial amount of evidence of the defendant's acts against other complainants that occurred outside of the applicable time period. Given the lack of an instruction on the statute of limitations, it cannot be determined whether the defendant's convictions of scheme [*2]to defraud in the first degree were based upon timely conduct (see People v Leisner, 73 NY2d 140, 146; People v Pazos, 158 AD2d 479, 480, mod 77 NY2d 858). Consequently, we must vacate the defendant's convictions of scheme to defraud in the first degree under both indictments and the sentences imposed thereon, and order a new trial on the two counts charging scheme to defraud in the first degree.
In light of our determination, the defendant's remaining contention regarding her aggregate sentence has been rendered academic.
BALKIN, J.P., AUSTIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court