People v Rosa (2019 NY Slip Op 02908)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Rosa

2019 NY Slip Op 02908

Decided on April 17, 2019

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2015-09709
(Ind. No. 2333/13)

[*1]The People of the State of New York, respondent,
vJose Rosa, appellant.

Paul Skip Laisure, New York, NY (Sean H. Murray of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Jimei L. Hon of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth Holder, J.), rendered September 29, 2015, convicting him of assault in the first degree, assault in the second degree, criminal possession of a weapon in the fourth degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's failure to base his speedy trial motion on the specific contentions that he now raises on appeal renders those contentions unpreserved for appellate review (see CPL 470.05[2]; People v Owens, 138 AD3d 1035, 1035; People v Randall-Whitaker, 55 AD3d 931, 931-932). In any event, upon reviewing the record, the total time chargeable to the People was less than the six-month time period provided by CPL 30.30(1)(a). Accordingly, the motion was properly denied (see People v Patel, 160 AD3d 530, 530; People v Lewins, 151 AD3d 575, 576-578; People v Brash, 228 AD2d 687, 687).
The Supreme Court's ruling permitting the People to offer evidence of a telephone call the defendant made while in pretrial detention at Rikers Island Correctional Facility did not violate the defendant's constitutional right to be free from unreasonable searches. Contrary to the defendant's arguments, he impliedly consented to the monitoring and recording of his telephone conversations by using the telephones despite being notified in several different ways that such calls were being monitored (see People v Diaz, __ NY3d __, 2019 NY Slip Op 01260 [2019]; People v Chrisostome, 167 AD3d 644, 644-645; People v Koonce, 111 AD3d 1277, 1279). Moreover, the defendant's contention that his consent was involuntary is without merit (see People v Chrisostome, 167 AD3d at 645; People v Cisse, 149 AD3d 435, 436, affd ___NY3d___, 2019 NY Slip Op 01258 [2019]).
DILLON, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court