People v Clinkscales (2019 NY Slip Op 02894)





People v Clinkscales


2019 NY Slip Op 02894


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2009-05733
 (Ind. No. 4906)

[*1]The People of the State of New York, respondent,
v
Curtis Clinkscales, appellant.


Janet E. Sabel, New York, NY (Michael C. Taglieri and Justine M. Luongo), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Antara D. Kanth of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory L. Lasak, J.), rendered June 10, 2009, convicting him of rape in the first degree, sodomy in the first degree, and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
As the complainant was returning home from work in the early morning hours of January 10, 1996, a masked man forced the complainant to perform oral sex on him and then engaged in forcible vaginal sex with her. Within a matter of hours, the complainant went to the hospital where she was examined and a rape kit was completed. It was later determined, using the Combined DNA Index System, a national database of the DNA profiles of convicted offenders, that the defendant's DNA matched the DNA profile obtained from the rape kit. A criminalist for the New York City Office of the Chief Medical Examiner testified at trial that the DNA from the vaginal swab in the rape kit matched the defendant's DNA with an accuracy greater than one in a trillion.
We agree with the Supreme Court's determination denying the defendant's motions to dismiss the indictment, which were made on the ground that he was deprived of his statutory right to a speedy trial. Where a defendant is charged with a felony, the People must be ready for trial within six months of the commencement of the criminal action, not including excludable periods (see CPL 30.30[1][a]; [4]). Here, the defendant's contentions, except to the extent that they relate to the period of time from January 10, 2007, to May 9, 2007, are unpreserved for appellate review (see CPL 470.05[2]). In any event, they are without merit. "[C]omputing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion" results in a period of less than six months (People v Cortes, 80 NY2d 201, 208; see CPL 30.30). Thus, the defendant's statutory right to a speedy trial was not violated (see People v Owens, 138 AD3d 1035; cf. People v Cortes, 80 NY2d 201). Moreover, his constitutional right to a speedy trial also was not violated (see People v Taranovich, 37 NY2d 442, 445).
The defendant's contention that the criminalist's testimony about the DNA evidence presented at trial violated his rights under the Confrontation Clause of the Sixth Amendment is unpreserved for appellate review. In any event, this contention is without merit. The criminalist's testimony indicated that she generated the DNA profile and independently analyzed raw data, as opposed to functioning as " a conduit for the conclusions of others'" (People v Austin, 30 NY3d 98, 105, quoting People v John, 27 NY3d 294, 315; see People v Pascall, 164 AD3d 1265, 1266).
The defendant's remaining contention is without merit.
LEVENTHAL, J.P., ROMAN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court